IN THE MATTER OF NICHOLS.

(SUPREME COURT DISCIPLINARY NO. 149)

PER CURIAM.

Richard M. Nichols voluntarily withdrew as a member of the State Bar of Georgia in 1976 following a plea of guilty to the charge of knowingly and fraudulently transferring and appropriating funds belonging to a bankrupt's estate while acting as trustee of such estate. This is a review of the State Disciplinary Board's recommendation that his application for reinstatement be denied. The question to be determined is whether Nichols proved, by clear and convincing evidence, that he has been rehabilitated and is now qualified to be a member of the State Bar of Georgia. The State Disciplinary Board found that there was no such clear and convincing evidence. We agree.

The guilty plea entered by Nichols in 1976 involved the appropriation to his own use the sum of $3,729.70 from a bankrupt estate of which he was serving as trustee. There were eight other cases pending against Nichols at the time of the plea but they were all dismissed when the plea was entered. Nichols was sentenced to five years imprisonment but was released after serving eleven months and

ten days. Since his release, he has worked as a law clerk in various law offices. Nichols offered evidence of his good character and his participation in religious activities as well as evidence that he had made restitution for all funds previously misappropriated.

There was also evidence offered by the State Bar from which the Special Master found that Nichols had engaged in giving legal advice, preparation of documents and closing a loan for members of the public without revealing the fact that he was not at the time a licensed attorney. The Special Master concluded that these actions constituted the unauthorized practice of law in violation of Ga. Code Ann. § 9-401, et seq. The Special Master further found that the crime of embezzlement while acting as a court officer is extremely serious and has not been offset by a sufficiently long period of rehabilitation.

We have held that an applicant for reinstatement as a practicing lawyer has the burden of proving by clear and convincing evidence that he has been sufficiently rehabilitated. *In the Matter of Ansley,* 241 Ga. 394 (245 SE2d 657) (1978); *In the Matter of Johnson,* 244 Ga. 109 (259 SE2d 57) (1979). We hold that no such proof has been offered in this case.

*Application for reinstatement denied. Jordan, C. J., Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 30, 1981.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Groover & Childs, Frank H. Childs, Jr.,* for Nichols.