S90A0129. IN RE JOHNSON.
(ADMISSIONS DOCKET No. 102)
(384 SE2d 668)

PER CURIAM.
The Board to Determine Fitness of Bar Applicants declined to certify the applicant, Dwight Johnson, as possessing that good charac-

ter and moral fitness required to practice law in this state. Johnson appeals.

After a hearing, the hearing officer made findings of fact and conclusions to the following effect:

1. On his application, Johnson disclosed the existence of a $15,000 guaranteed student loan, whereas in fact he had taken out two student loans, one a National Direct Student Loan (NDSL) for approximately $1,680 plus interest and one guaranteed by the New York State Higher Education Services Corp. (GSL) for approximately $18,000 plus interest. Johnson's failure to candidly disclose both loans reflects a lack of the character and integrity expected and required of one who seeks to become a member of the Bar of Georgia.

2. On his application, Johnson answered "no" to the question, "Have you ever defaulted on any student loan?," whereas in fact he had defaulted on the NDSL and the GSL at that time. His failure to candidly disclose his defaulted student loans reflects a lack of the character and integrity expected and required of one who seeks to become a member of the Bar of Georgia.

3. On his application, Johnson disclosed judgments taken against him by Sears and Amoco, but he did not disclose that, on or about November 7, 1984, the New York Department of Law on behalf of the State of New York had taken judgment against him in the amount of $2,219.31 plus continuing interest because of his having defaulted on payments on his NDSL. This failure to candidly disclose all judgments taken against him reflects a lack of the character and integrity expected and required of one who seeks to become a member of the Bar of Georgia.

4. In a letter of May 10, 1987, Johnson advised the Office of Bar Admissions that he had made arrangements with the New York student loan authorities to make monthly payments of $50 in satisfaction of the judgment taken against him by the New York Department of Law. Since then, he had made only two payments, one in July and one in September of 1987. His failure to abide by the terms of the repayment schedule to which he had agreed reflects a lack of the character and integrity expected and required of one who seeks to become a member of the Bar of Georgia.

5. Johnson has not satisfied judgments taken against him by Sears, by Amoco, and by the State of New York, and he has made no payments on his GSL. His failure to satisfy financial obligations freely entered into reflects a lack of fiscal responsibility on his part and a lack of character and integrity expected and required of one who seeks to become a member of the Bar of Georgia.

On appeal, Johnson explains that his failure to disclose a student loan was due to his mistaken impression that the loan had been deferred until he graduated from law school; that he had been finan-

cially unable to keep up with the arrangements he had made to pay back his student loan; and that mere financial difficulty in paying past debts does not render him unfit to become an attorney.

However, as the hearing officer found, Johnson failed to disclose the existence of both loans, although he was aware of the loans; Johnson was fully aware that he had received no confirmation that either lender had received or agreed to his request for deferment of his loans; even if Johnson was not aware of the NDSL judgment at the time of his application, he failed to amend his application to reflect this judgment when he became aware of its existence within two months later; Johnson's representations of arrangements for payment pertained to the NDSL loan, which was omitted from his application; no evidence was presented of any financial circumstances which would have indicated that the $50 monthly payments were a peculiar hardship; and no effort had been made to satisfy either the Sears or the Amoco judgment.

After reviewing the record, we hold that the evidence supports the Board's decision. This case is controlled by *In re Beasley*, 243 Ga. 134, 136 (252 SE2d 615) (1979), where we held that "[i]n proceedings of this nature, the burden clearly rests upon the applicant to prove that he possesses the requisite character and moral fitness." Even disregarding the effect of lack of fiscal responsibility, we find that Johnson's failure to disclose requested facts supports the decision that he fails to possess the integrity required to be a member of the Bar of this State. "False, misleading or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness. [Cits.]" *Beasley*, supra at 137.

The Board's decision denying Johnson's certification is affirmed. *All the Justices concur.*

DECIDED OCTOBER 26, 1989.

Dwight R. Johnson, *pro se.*

Michael J. Bowers, Attorney General, Emily P. Hitchcock, Assistant Attorney General, for Board to Determine Fitness of Bar Applicants.