S91A0958. IN RE KENNETH EDWARD CHITTUM.
(ADMISSIONS DOCKET No. 115)
(402 SE2d 728)

PER CURIAM.

The Board to Determine Fitness of Bar Applicants declined to certify the applicant, Kenneth Edward Chittum, as possessing that good character and moral fitness required to practice law in this state. Chittum appeals.

1. The Board sent to Chittum by certified mail specifications of the reasons for its tentative order of denial to the following effect:

(a) On or about April 19, 1990, Chittum mailed a letter to Loretta B. Ecker, Executive Secretary of the West Virginia Board of Law Examiners, and enclosed a document that he described as his Georgia license, thus implying that he had been admitted to the practice of law in Georgia. This implication was false.

(b) On or about April 19, 1990, Chittum mailed a document to Ecker that purported to be a letter to him from the Office of Bar Admissions dated September 15, 1989, indicating that Chittum had passed the July 1989 bar examination. This letter was a false utterance, in that there was no such letter from the Office of Bar Admissions because Chittum had failed to pass the bar examination.

(c) On or about April 19, 1990, Chittum mailed a document to Ecker that purported to be a license to practice law in Georgia, issued to him by the judges of the Superior Court of Cobb County. This document was false in that no such license had been issued.

(d) On or about April 23, 1990, the Office of Bar Admissions, on behalf of the Board to Determine Fitness of Bar Applicants, wrote to Chittum to ask that he explain his submission of these documents to the West Virginia Board of Law Examiners. A copy of this letter was mailed to him on June 25, 1990. To date he had not responded to this letter.

2. (a) The specifications allege that each of the foregoing incidents reflects a lack of the character and integrity expected and required of a person who seeks to be admitted to the State Bar of Georgia, and warrants revocation of Chittum's certification of fitness to practice law. Pursuant to Part A, Section 8 of the Rules Governing Admission to the Practice of Law, the Board issued its final decision

denying certification without a hearing, on the ground that Chittum had not timely answered the specifications within the required 20 days after their receipt, thereby resulting in the specifications being deemed to be admitted. Chittum's sole enumeration of error is that the Board erred in determining that he failed to file timely his response. However, although Chittum asserts that he received the specifications on October 25, 1990, the record shows that he signed the receipt for their delivery by certified mail on October 19, 1990, thus making the response untimely.

(b) After reviewing the record, we hold that Chittum's failure to respond supports the Board's decision.

In proceedings of this nature, the burden clearly rests upon the applicant to prove that he possesses the requisite character and moral fitness. . . . False, misleading or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness. [Cits.] *In re Beasley*, 243 Ga. 134, 136, 137 (252 SE2d 615) (1979).

The Board was correct in denying certification.
*Decision affirmed.. All the Justices concur.*

DECIDED APRIL 11, 1991.

Kenneth E. Chittum, *pro se.*
*Michael J. Bowers, Attorney General, Julia B. Anderson,* for appellee.