S94Y0694. IN THE MATTER OF ALPHONSO BAILEY, JR.
(448 SE2d 176)

PER CURIAM.

On November 23, 1987, this Court disbarred Respondent, Alphonso Bailey, Jr., from the practice of law in Georgia for violating Standards 4 (engaging in professional conduct involving dishonesty, etc.), 21 and 22 (failing to withdraw from representation when discharged by client and failing to comply with applicable rules regarding withdrawal), 23 (failing to refund client fees upon withdrawal), 44 (abandoning client matters), 63 (failing to maintain complete client records), 65 (failing to account for trust property), and 68 (failing to respond to disciplinary authorities) of Bar Rule 4-102 (d).[1] Bailey now

---

[1] According to the hearing transcript, subsequent to his disbarment, Bailey pled guilty to five counts of forgery and received a five-year sentence, most of which he served on probation.

petitions this Court for reinstatement to the bar, asserting that the acts and omissions that resulted in his disbarment were attributed primarily to substance abuse, and that he has since recovered from his addiction.

After an evidentiary hearing, the special master recommended that this Court deny Bailey's petition. The special master found that Bailey failed to comply with Bar Rule 4-219 (c), the post-disbarment requirement of notifying clients that he had been disbarred. The special master also found that Bailey failed to return papers and files to clients or to voluntarily remedy or mitigate the damage to the clients. The special master found that Bailey failed to seek employment that would have presented opportunities for staying current on legal developments and he did not have any specific plans regarding employment if he were readmitted. The review panel agrees with the special master's findings and requests this Court deny Bailey's petition.

"[A]n applicant for reinstatement as a practicing lawyer has the burden of proving by clear and convincing evidence that he has been sufficiently rehabilitated." *In the Matter of Nichols*, 248 Ga. 254 (282 SE2d 341) (1981). Considering the seriousness of the offenses for which he was disbarred, his failure to comply with all procedural and legal requirements for readmission, his lack of planning for the resumption of a legal career, and his failure to voluntarily remedy or mitigate the damage to former clients, we conclude that Bailey has failed to carry his burden of proof. Accordingly, we hereby follow the recommendation of the review panel and deny Bailey's petition.

*Application for reinstatement denied. All the Justices concur.*

DECIDED SEPTEMBER 19, 1994.

*William P. Smith III, General Counsel State Bar, Kathryn B. Singer, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Howard A. Gold,* for Bailey.