*Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Jerome J. Froelich,* for Boyle.

### S96A0220. IN RE J. W. N.
(463 SE2d 114)

PER CURIAM.

J. W. N. applied to the Board to Determine Fitness of Bar Applicants for certification of fitness to practice law. After the Board tentatively denied his application, a hearing officer recommended certification based on his behavior since entering law school. The Board, remaining focused on pre-law-school behavior, disagreed with the hearing officer and formally declined certification. J. W. N. appeals. Because we find the Board's reasoning persuasive, we affirm.

The evidence indicates a long history of questionable behavior. In 1965, applicant's driver's license was revoked after he pled guilty to reckless driving. In 1969, he was expelled from Wake Forest Law School for lack of candor. He pled guilty to disorderly conduct in the early 1970's, and he was convicted of harassing phone calls in 1981. Five years later, he was found guilty of assault. In 1989, he was expelled from York Technical College for altercations with other students. In that same year, he pled guilty to a charge of threatening phone calls.[1]

Evidence of applicant's unscrupulous business practices is pervasive. He worked in plumbing and household appliance repair, and he did repair work as an independent contractor for Sears, Roebuck & Company. In 1984, Sears severed the relationship and later obtained a temporary restraining order to stop him from using a telephone number that Sears' customers used to request repairs. In 1985, after a significant number of consumer complaints, the North Carolina Attorney General filed suit against applicant for unfair and deceptive trade practices. The court ordered him to pay civil penalties, cancelled all contracts he made with customers since 1981, and ordered him to make restitution.

In 1987, after his North Carolina plumbing license and driver's license were revoked, applicant moved to South Carolina. Two years later, the South Carolina Attorney General filed suit against him for

---

[1] During the application process, J. W. N. disclosed that a number of other criminal charges had been brought against him over a span of 20 years. Because applicant was not convicted of these charges, they play no part in our determination as to whether applicant should be certified.

unfair trade practices. That suit led to an order imposing civil penalties and enjoining him from any involvement in his trades. Soon after that judgment, applicant filed bankruptcy.

In 1990, applicant moved to Georgia and enrolled in John Marshall Law School. He became involved in church activities and volunteered with Habitat for Humanity. He was president of the Student Bar Association and graduated first in his class. In 1992, he applied for certification of fitness to practice law. In a request for information about applicant, the President of John Marshall Law School indicated that he would not recommend him for a position of trust.

After reviewing the hearing officer's report and conducting its own interview with applicant, the Board declined to certify him. We agree that he should be denied certification.

Where an applicant for admission to the bar has a criminal record, he must prove full and complete rehabilitation by clear and convincing evidence. *In re Cason*, 249 Ga. 806 (294 SE2d 520) (1982). Moreover, unethical or questionable business practices constitute a proper basis for denial of admission to the bar. *In re Lubonovic*, 248 Ga. 243 (282 SE2d 298) (1981).

The criminal convictions span a period of two decades. We agree with the Board that applicant's conduct since 1990 does not constitute clear and convincing evidence of full and complete rehabilitation. On this alone we might deny him admission; but, when his business practices enter the calculus, denial becomes inevitable.

If certification were to be granted despite applicant's business practices, we must be reasonably convinced that he can avoid the temptation to act as he has previously acted; any doubt must be decided in favor of the public's protection. *In re Lubonovic*, supra. Applicant contends his reformation is demonstrated by the lack of consumer complaints brought against him while in the State of Georgia. This argument is of no consequence. His unfair trade practices developed over a period of years in the Carolinas, but his work history in this State is significantly shorter. In fact, it is simply too short to convince us that applicant will act ethically in the future.

*Decision affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 1995 —
RECONSIDERATIONS DENIED NOVEMBER 3, 1995 AND DECEMBER 5, 1995.

*Barnes, Browning, Tanksley & Casurella, George T. Smith,* for appellant.

*Michael J. Bowers, Attorney General, Julia B. Anderson, Assistant Attorney General,* for appellee.