*Dow, Lohnes & Albertson, Lawrence P. Auld, Peter C. Canfield, Sean R. Smith,* amicus curiae.

---

### S98A0627. IN RE K. S. L.
(495 SE2d 276)

PER CURIAM.

K. S. L. filed an application for certification of fitness to practice law. The Board To Determine Fitness of Bar Applicants (Board) tentatively denied the application, based, in part, upon an unprosecuted 1990 incident in which K. S. L. entered unlocked cars with the criminal intent to steal money and, in part, upon a more recent instance of K. S. L.'s alleged plagiarism of a law school paper. Pursuant to K. S. L.'s request for a formal hearing, a hearing officer was appointed. After conducting a hearing, the hearing officer found that K. S. L.'s good conduct subsequent to the 1990 incident evidenced his current fitness and that, although K. S. L.'s law school research paper was poorly written, he was not guilty of plagiarism. Based upon his findings, the hearing officer recommended that K. S. L. be certified. However, the Board rejected the hearing officer's findings and his recommendation. According to the Board, K. S. L.'s application should be denied because he failed to show by clear and convincing evidence his full and complete rehabilitation since the 1990 incident and, even though K. S. L. had plagiarized from several sources, his continued insistence to the contrary demonstrated a lack of understanding of the meaning and consequences of his actions. K. S. L. brings this appeal from the Board's denial of his application.

1. In accordance with Part A, Section 8 (a) of the Rules Governing Admission to the Practice of Law (Rules), K. S. L. retained legal counsel to represent him at the hearing before the hearing officer. K. S. L. urges that it was permissible for his attorney also to attend the subsequent meeting at which the Board considered the hearing officer's findings and recommendation, but there is no provision in the Rules permitting an applicant's counsel to be present when the Board conducts its business in closed executive session. K. S. L. contends that his counsel nevertheless should have been allowed to attend the Board meeting, because the Director of Bar Admissions and the Assistant Attorney General who represents the Board were present. However, those officials have professional responsibilities to the Board. There is nothing in the record to indicate that, during the Board meeting, they failed to limit themselves to the neutral performance of their official duties and became unauthorized advocates in opposition to K. S. L.'s certification. See *North Fulton Community Hosp. v. SHPDA*, 168 Ga. App. 801, 804 (3) (310

SE2d 764) (1983). Moreover, even if the record did show such unauthorized ex parte participation in the Board meeting, the remedy would not be a remand for the Board to conduct a new meeting and allow K. S. L.'s counsel to attend. The appropriate remedy would be a remand for the Board to conduct a new meeting and disallow any unauthorized ex parte participation. See *Schaffer v. State Bd. of Veterinary Medicine*, 143 Ga. App. 68, 71 (1) (237 SE2d 510) (1977), overruled on other grounds, *In the Matter of Stephen T. Kennedy*, 266 Ga. 249, 251 (1), fn. 1 (466 SE2d 1) (1996). Because the record shows no unauthorized ex parte participation, however, no remand is necessary in this case.

2. The hearing officer's findings and recommendation bind neither the Board nor this Court, and we will uphold the Board's decision if there is any evidence to support it. *In re C. R. W.*, 267 Ga. 534 (1) (481 SE2d 511) (1997). K. S. L. had the burden of proving to the Board his "full and complete rehabilitation . . . by clear and convincing evidence." *In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982).

> Merely showing that an individual is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society.

*In re Cason*, supra at 808-809. In determining whether the burden of proving rehabilitation by clear and convincing evidence was met, the Board was authorized to resolve any doubt against K. S. L.'s certification and in favor of the public's protection. *In re J. W. N.*, 266 Ga. 58, 59 (463 SE2d 114) (1995). Although K. S. L.'s only criminal conduct occurred in 1990, the record does not contain such clear and convincing evidence as would demand a finding that he has been sufficiently rehabilitated and currently possesses the moral character and fitness necessary to become a member of the bar. Therefore, the Board was authorized to find that K. S. L. failed to meet his burden of proof on the issue of his rehabilitation.

3. Likewise, plagiarism is a serious matter which, if proved, would authorize a denial of K. S. L.'s application. In that regard, the evidence did not demand a finding that K. S. L. had committed plagiarism. Indeed, he was exonerated of that charge by the law school. However, the Board was not bound by the law school's determination, and the only issue for resolution is whether there is any evidence to support the Board's contrary determination that K. S. L. did plagiarize. The record shows the existence of such evidence. Accordingly, we must uphold the Board's finding in that regard.

*Decision affirmed. All the Justices concur, except Benham, C. J., not participating.*

DECIDED FEBRUARY 2, 1998.

*Mary Margaret Oliver, Chilivis, Cochran, Larkins & Bever, Nickolas P. Chilivis,* for appellant.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General,* for appellee.