S99A1828. IN RE D. K. M.
(520 SE2d 216)

PER CURIAM.

D. K. M. filed an application for certification of fitness to practice law in 1992. D. K. M. was granted certification by the Board to Determine Fitness of Bar Applicants ("Board") in May 1993, but his certification was suspended in September 1996 after the Board received a letter of complaint from an administrative law judge ("ALJ") presiding over D. K. M.'s pro se workers' compensation case.[1] D. K. M. thereafter requested and was granted a formal hearing before a hearing officer who found that D. K. M.'s actions during his workers' compensation case were "inappropriate, threatening and an abuse of the legal process" and showed "a total lack of judgment and common courtesy." He concluded that D. K. M. filed complaints against the ALJ and opposing counsel which were "frivolous, unwarranted, lacked justification and lacked integrity." Nevertheless, the hearing officer felt constrained to recommend that D. K. M. be certified to sit for the bar exam but suggested he be made to wait another year.

After receiving the hearing officer's recommendation, the Board tabled D. K. M.'s application and suggested to D. K. M. that he engage in activities to demonstrate his rehabilitation, good character, and fitness to practice law. Several months later the Board received a letter from D. K. M. stating he could not engage in volunteer activities due to his back injury and workers' compensation obligations, but in lieu of community service, he had given money to homeless or poor persons he saw on the street and hired such persons

---

[1] D. K. M. unsuccessfully sat for the February and July bar exams in 1993, 1994 and 1995. Although D. K. M. sat for the July 1996 bar exam, his score was not released because his certification was suspended.

to cut his lawn. The Board denied D. K. M.'s application and he appeals.

In Bar admission proceedings, the burden rests upon the applicant to prove that he possesses the requisite character and moral fitness and the burden stays with the applicant throughout the entire application process. *In re C. R. W.,* 267 Ga. 534 (1) (481 SE2d 511) (1997); *In re Beasley,* 243 Ga. 134, 136 (2) (252 SE2d 615) (1979). Although in this case the hearing officer recommended that D. K. M. be certified to take the bar exam, his findings of fact and recommendations are not binding upon the Board or this Court and we will uphold the Board's decision if there is any evidence to support it. *In re K. S. L.,* 269 Ga. 51 (2) (495 SE2d 276) (1998).

Upon review of the record, we find the evidence clearly supports the Board's decision denying D. K. M. certification. As properly characterized by the hearing officer, D. K. M.'s conduct throughout his workers' compensation case constituted an abuse of the legal process and his filing of admittedly frivolous complaints showed a complete lack of both personal and professional integrity. Notwithstanding that D. K. M. eventually wrote letters of apology to the ALJ and opposing counsel, he failed to recognize the inappropriateness of his behavior and at no time during the application process did he explain or take responsibility for his actions.[2] Moreover, the evidence clearly demonstrates that D. K. M. was not forthright in his responses to the Board. Even considered alone, false and misleading statements may be grounds for finding a lack of requisite character and fitness. See *In re Johnson,* 259 Ga. 509, 511 (384 SE2d 668) (1989).

In addition, D. K. M. failed to prove his rehabilitation by clear and convincing evidence. See *In re Cason,* 249 Ga. 806, 808 (294 SE2d 520) (1982). While D. K. M.'s claim of providing money and food to the poor is praiseworthy, it does not "demand a finding that he has been sufficiently rehabilitated and currently possesses the moral character and fitness necessary to become a member of the bar." *In re K. S. L.,* supra at 52 (2).

*Decision affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

D. K. M., *pro se.*

---

[2] It is noteworthy that had D. K. M. been a member of the State Bar when he engaged in the conduct at issue, his conduct could have subjected him to discipline. See Code of Professional Responsibility, Rules and Regulations for the Organization and Government of the State Bar of Georgia, Part III, Canons of Ethics, Chapter 1, DR 1-101, DR 1-102; see also OCGA § 15-19-4.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General,* for appellee.