

## S00A0242. In re J. L. A.
### (523 SE2d 562)

Per Curiam.

J. L. A. seeks reversal of the Georgia Board of Bar Examiners' denial of his application for eligibility to sit for the Georgia Attorney's Examination. Finding that the evidence underlying this matter clearly supports the Bar Examiners' decision, we affirm.

J. L. A., a member of the Florida Bar, applied to the Georgia Bar Examiners for permission to sit for the Attorney's Examination. On May 18, 1999, an administrative secretary with the Florida Bar wrote to the Georgia Bar Examiners that J. L. A. was a member in good standing of the Florida Bar despite that he had been the subject of three inquiries, one of which resulted in an injunction being issued against him that did not constitute attorney discipline.[1] On June 8, 1999, the Georgia Bar Examiners informed J. L. A. that he had been temporarily granted eligibility to sit for the June 1999 Attorney's Examination. At roughly that same time, Georgia officials requested the Director of Regulation for the Florida Bar to clarify J. L. A.'s disciplinary history in that state. On June 10, 1999, the Director of Regulation wrote that the Florida Bar's May 8, 1999, letter was in error and should be disregarded by Georgia officials because under Rule

---

[1] Regarding the other two inquiries against J. L. A., the administrative secretary from Florida wrote that one of them had not been concluded at the time of her letter, and the other had no disposition entered, but nonetheless appears to have resulted in a disciplinary sanction being imposed by Florida Bar regulators. These two inquiries have no bearing on our decision in this matter.

3.5-1 of the Rules Regulating the Florida Bar, the injunction entered against J. L. A. was in the nature of probation and thus a form of attorney discipline. Based upon that information, J. L. A. was informed that he would not be allowed to sit for the Georgia Attorney's Examination. He appeals that decision.

A review of the record shows that the injunction issued against J. L. A. was in response to the Florida Bar's petition to the Supreme Court of Florida for an emergency suspension of J. L. A., because he had "preyed on the families of the victims of ValuJet flight number 592 in an attempt to solicit their legal business in contravention of Rule Regulating the Florida Bar 4-7.4," and that such solicitation was "wilful, a blatant intrusion of the privacy of those contacted, motivated by J. L. A.'s personal pecuniary gain, and likely to continue to cause great public harm."[2] In response to these allegations, the Florida Supreme Court restrained and enjoined J. L. A. from "soliciting, entering into an agreement for, charging, or collecting a fee for professional employment" associated with the ValuJet air disaster. The Florida Supreme Court order was entered without prejudice to the Florida Bar's initiating disciplinary proceedings against J. L. A.

In his appeal to this Court, J. L. A. asserts that both the Florida Bar Director of Regulation and the Georgia Board of Bar Examiners are mistaken in concluding that the injunction issued against him by the Florida Supreme Court was a form of discipline under the Rules of the Florida Bar. However, we believe that Florida Bar officials are in the best position to construe the rules governing the practice of law in Florida, and we will not interfere with the Florida officials' construction of their own rules in this matter.

Regarding the Georgia Rules, a person who has "been the subject of private or public lawyer discipline of any nature in any United States jurisdiction" may not be eligible to sit for the Georgia Attorney's Examination.[3] In all attorney eligibility proceedings, the applicant carries the burden of proving that he or she possesses the requisite character and moral fitness to practice law in this state, and that burden stays with the applicant throughout the application and review process.[4] In all cases, the Georgia Board's decision regarding attorney eligibility will be upheld if there is any evidence to support it.[5] In this case, as fully explained above, the evidence supports the Georgia Board's decision to deny J. L. A. permission to sit for the Attorney's Examination. Having been informed by Florida's Bar

[2] *The Florida Bar v. J. L. A.*, No. 88,322 (Supreme Court of Florida, Corrected Order dated July 2, 1996).

[3] Rules Governing Admission to the Practice of Law, Part C, Section 2.

[4] *In re C. R. W.*, 267 Ga. 534 (481 SE2d 511) (1997).

[5] Id.; *In re K. S. L.*, 269 Ga. 51 (495 SE2d 276) (1998).

Director of Regulation that J. L. A. had been the subject of attorney discipline in that state, Georgia Bar officials were authorized to deny J. L. A. eligibility to take the examination.

*Decision affirmed. All the Justices concur.*

DECIDED NOVEMBER 1, 1999 —
RECONSIDERATION DENIED JANUARY 14, 2000.

*J. L. A.*, pro se.
*Thurbert E. Baker, Attorney General,* for appellee.