S00A0711. IN RE R. M. C.
(525 SE2d 100)

PER CURIAM.

R. M. C. filed an application for certification of fitness to practice law. The Board to Determine Fitness of Bar Applicants (Board) tentatively denied the application based on R. M. C.'s failure to resolve certain debts and to supply requested information regarding outstanding and defaulted loans and other debts; on irregularities, including a lack of candor, in the filing of an affidavit of indigence in a civil action; and on a lack of cooperation with the Board's attempts to obtain information. Pursuant to R. M. C.'s request for a formal hear-

ing, a hearing officer was appointed. Following the hearing, the hearing officer recommended denial of certification due to R. M. C.'s lack of fiscal responsibility, failure to cooperate with the Board, and evasive and misleading conduct with regard to the affidavit of indigence. The Board subsequently issued a formal denial of certification, adopting in their entirety the findings and conclusions of the hearing officer. R. M. C. timely initiated an appeal to this Court from that decision.

1. In proceedings of this nature, the burden rests upon the applicant to prove that she possesses the requisite character and moral fitness to gain certification. *In re Beasley*, 243 Ga. 134 (2) (252 SE2d 615) (1979). Lack of fiscal responsibility, failure to cooperate with the Board, and a lack of candor are all bases on which certification may be denied. *In re Johnson*, 259 Ga. 509 (5) (384 SE2d 668) (1989); *In re Beasley*, supra. This Court will uphold the Board's decision if there is any evidence to support it. *In re K. S. L.*, 269 Ga. 51 (2) (495 SE2d 276) (1998).

2. At the hearing, the Board presented evidence that R. M. C. had defaulted on student loans and other fiscal responsibilities and had not undertaken consistent efforts to arrange and maintain payment schedules on those obligations. In addition, she misrepresented to the Board the amount of at least one defaulted student loan and failed to reveal another. The hearing officer concluded that R. M. C. had not demonstrated a sufficient payment history in the documents submitted to the Board and had presented no evidence at the hearing regarding her current payment practices. Those conclusions, supported by evidence, indicate the same "lack of fiscal responsibility" present in *In re Johnson*, supra, which is not a mere difficulty in paying debts, but a failure to make and consistently comply with arrangements to satisfy financial obligations. It is not the fact of debt, but the absence of genuine effort to meet one's responsibilities which serves to establish "a lack of the character and integrity expected and required of one who seeks to become a member of the Bar of Georgia." *In re Johnson*, supra, Divisions 4 and 5.

3. The Board inquired into the circumstances of an affidavit of indigence R. M. C. filed in a civil case in which she represented herself. In the affidavit, R. M. C. averred that she was not employed and had not, within the past 12 months, received any money from any business, profession, or other form of employment. However, discovery in that case revealed that R. M. C. had in fact earned income from employment within the past 12 months. The trial court entered an order in which it found the affidavit to be "misleading and deceptive, at best." In the proceeding at bar, the hearing officer found R. M. C.'s conduct regarding the affidavit to be "evasive and misleading." "False, misleading or evasive answers to bar application question-

naires may be grounds for a finding of lack of requisite character and fitness. [Cits.]" *In re Beasley*, supra at 137.

4. In her brief on appeal, R. M. C. argues that she should not be refused admission to the bar based on ordinary indebtedness, that debt and indigence are not indicative of a lack of moral character, and that this State should not require a certificate of fitness to practice law prior to permitting candidates to take the bar examination. Her first two arguments are at odds with the record: as noted above, she was not denied a certificate for ordinary indebtedness or for indigence, but for a lack of fiscal responsibility, evidenced by her failure to make consistent efforts to meet her financial obligations, and for a lack of candor in the process of applying for a certificate of fitness and in her conduct of civil litigation.

R. M. C.'s final argument, that the policies, practices, and procedures relating to the requirement of a certificate of fitness to practice law are unfair to persons of limited resources and, specifically, to African-Americans and homosexuals, is without support in the record and reflects a lack of understanding of the purpose of the process. First, R. M. C. has not been denied certification because of limited resources, but because she was not candid about her financial obligations and because the information she provided and the information gathered by the Board showed a lack of consistent effort to satisfy her obligations. Though entitled to submit evidence at the formal hearing, R. M. C. chose not to do so, leaving the record bereft of any evidence of a particular impact of the process on African-American or homosexual applicants. Finally, R. M. C.'s arguments show no understanding that the focus of the process is not the advancement of any individual, but the protection of the public.

> "This court's primary responsibility is to the public to see that those who are admitted to practice are ethically cognizant and mature individuals who have the character to withstand the temptations which are placed before them as they handle other people's money and affairs. If we are not reasonably convinced that the applicant can withstand such temptations we should not admit him. Doubt of consequence, of necessity, must be decided in favor of the public's protection. There lie our first duty and concern." [Cit.]

*In re Lubonovic*, 248 Ga. 243 (1) (282 SE2d 298) (1981).

Because the record supports the findings and conclusions of the hearing officer, as adopted by the Board, and R. M. C. has presented no evidence to establish that the current process used to determine fitness to practice law is not effective and proper in its focus, we affirm the decision of the Board denying R. M. C. a certificate of fitness to practice law.

*Decision affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 25, 2000.

R. M. C., *pro se.*
*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General,* for appellee.