### S01A0577. IN RE DARYL MICHAEL ADAMS.
(540 SE2d 609)

PER CURIAM.

Daryl Michael Adams is appealing the decision of the Board to Determine Fitness of Bar Applicants to deny his application for certification of fitness to practice law in Georgia. The Board issued a tentative denial after a personal meeting with Adams in June 1999. After a formal hearing before a hearing officer, who recommended that Adams not be certified, the Board issued its final decision adopting in its entirety the hearing officer's findings of fact and conclusions of law. After a review of the record, we conclude that that evidence supports the Board's decision and affirm.

1. This Court has promulgated Rules which govern admission to the State Bar of Georgia. See Rules Governing Admission to the Practice of Law, adopted by the Supreme Court of Georgia, Ga. Ct. & Bar Rules, p. 12-1 et seq. "Throughout the application process, the applicant bears the burden of establishing [his] fitness to practice law. . . . If there is any evidence to support the Board's decision, we will uphold it." (Footnotes omitted.) *In re C. R.*, 267 Ga. 534 (1) (481 SE2d 511) (1997).

2. Three specified incidents were cited by the hearing officer and adopted by the Board as the bases for the decision to deny Adams' certification of fitness. The earliest incident occurred in 1983 when Adams secured a discharge from the United States Air Force by falsely stating under oath that he was a homosexual. The next incident involved Adams' arrest in 1986 for aggravated battery against his second wife. In regard to this incident, the Board concluded that Adams was not completely candid with the Board in answering questions concerning his marital status with the victim. The final incident involved Adams' 1998 conviction for misdemeanor battery against his then-girlfriend.

(a) The evidence supports the hearing officer's finding in regard to the 1983 false oath that Adams admitted to having intentionally lied under oath to the U. S. Air Force about his sexual orientation for the purpose of securing his discharge from the military. Although Adams expressed regret over the incident and stated that he felt he had no other option to secure his discharge, the hearing officer correctly found that Adams had not clearly and unequivocally acknowledged without excuses that he was wrong to have lied under oath and that Adams had chosen to give a false oath rather than choose the

"option" of honoring his legal obligations to the U. S. Air Force. "Failure to honor legal commitments and obligations is a proper ground for refusing to issue a certificate as to possession of the requisite character and moral fitness. [Cit.]" *In re Beasley*, 243 Ga. 134, 137 (3) (252 SE2d 615) (1979).

(b) The record reflects that when the Board initially questioned Adams in regard to the 1986 attack on his second wife, Adams directly denied that the victim was his wife, stating that "if there was a marriage there I was not aware of it because of the fact that I never participated in any kind of ceremonial event nor did I do any type of blood testing or anything to my recollection that would have constituted that." At the hearing before the hearing officer, however, Adams testified that blood tests were performed and that a ceremony was held before a notary public in the presence of witnesses. Adams also introduced a copy of a marriage record bearing his signature. Adams gave as explanation for the inaccurate information the fact that the Board "caught me totally off guard" and that he was "very defensive that day." This evidence supports the hearing officer's finding that Adams failed to carry his burden of proving that he was candid and forthcoming with the Board during the application process. "False, misleading or evasive answers [given during the bar application process] may be grounds for a finding of lack of requisite character and fitness. [Cits.]" Id., 243 Ga. at 137 (4). See also *In re Chittum*, 261 Ga. 189 (2) (b) (402 SE2d 728) (1991).

(c) Although the 1986 aggravated assault charge was dismissed after the victim failed to appear in court to pursue her complaint, the 1998 criminal charge resulted in Adams' conviction and sentencing for battery.

> Where an applicant for admission to the bar has a criminal record, his or her burden of establishing present good moral character takes on the added weight of proving full and complete rehabilitation subsequent to conviction, and it is only fitting that proof of rehabilitation be by clear and convincing evidence. [Cits.]

*In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982). The hearing officer found that the 1998 battery occurred less than four months before Adams applied to take the bar examination. Adams was ordered to do community service and undergo domestic violence counseling, which obligations he was undertaking at the time of the Board's tentative decision not to certify. While the hearing officer commended Adams on his successful and enthusiastic completion of his community service and counseling obligations, the hearing officer nevertheless found that Adams failed to adduce clear and convincing evidence of present rehabilitation. "In determining whether the bur-

den of proving rehabilitation by clear and convincing evidence was met, the Board was authorized to resolve any doubt against [Adams'] certification and in favor of the public's protection. [Cit.]" *In re K. S. L.*, 269 Ga. 51, 52 (2) (495 SE2d 276) (1998). Given that the evidence adduced by Adams consisted of his testimony that he had benefitted greatly from the counseling, evidence that his corrections supervisor and others thought highly of him, and the fact that his sentence had been successfully served, we find no error in the hearing officer's conclusion, adopted by the Board, that Adams failed to carry his burden of proof. See id.; see also *In re Cason*, supra, 249 Ga. at 808 (completion of sentence obligations, standing alone, insufficient to prove rehabilitation).

The Board was correct in denying certification.

*Decision affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Parks, Chesin & Miller, Harlan S. Miller III, Stuckey & Manheimer, E. Stephanie Stuckey, Hollie G. Manheimer*, for appellant.

*Thurbert E. Baker, Attorney General, Kathryn L. Allen, Senior Assistant Attorney General, Rebecca S. Mick, Assistant Attorney General, Hulett H. Askew*, for appellee.