## S02Z0312. IN THE MATTER OF JEFFREY LEE ALLEN.
(573 SE2d 79)

PER CURIAM.

Jeffrey Lee Allen appeals the final decision of the Board to Determine Fitness of Bar Applicants (the "Board") denying his certification for fitness to practice law. For the reasons that follow, we affirm.

This Court had previously affirmed a decision of the Georgia Board of Bar Examiners not to permit Allen to sit for the Georgia Attorney's Examination on the ground that he was the subject of attorney discipline in the State of Florida.[1] Allen subsequently filed an application for certification of fitness to practice law so that he could take the Georgia Bar Examination.[2] The Board tentatively denied certification, on the ground that Allen's actions that led to the Florida disciplinary demonstrated a lack of integrity and character and on the ground that Allen had demonstrated a lack of accountability and candor in communicating with the Board about the Florida disciplinary. Allen requested a formal hearing,[3] and this Court appointed a hearing officer, who recommended that Allen not be certified as fit to practice law.[4] The Board thereafter entered a final denial of Allen's application for certification of fitness to practice law,[5] and Allen has now appealed to this Court.

"Throughout the application process, the applicant bears the

---

[1] *In re J. L. A.*, 271 Ga. 873 (523 SE2d 562) (1999). See Rules Governing Admission to the Practice of Law, Part C, Section 2 (f), which provides that a person who has "been the subject of private or public lawyer discipline of any nature including a letter of admonition in any United States jurisdiction" may not be eligible to sit for the Georgia Attorney's Exam.

[2] Section 2 of Part A of the Rules Governing Admission to the Practice of Law provides that the Board "shall certify as fit to practice law those applicants who have established to the Board's satisfaction that they possess the integrity and character requisite to be members of the Bar of Georgia."

[3] See Rules Governing Admission to the Practice of Law, Part A, Section 8 (a), which provides that after the Board tentatively denies certification, the applicant has a right to request a hearing before a final ruling by the Board on his application for fitness. Before the hearing occurs, the Board must provide the applicant with "specifications" of the reasons for its tentative denial of his application.

[4] Contrary to Allen's contention, we conclude that the hearing officer's written findings of fact and recommendation were adequate. See id. at Section 8 (c), which provides, in part, that the hearing officer "shall make written findings of fact and recommendations to the Board which, however, shall not be binding upon the Board." Moreover, although it appears that the hearing officer confused the standards for eligibility to sit for the Georgia Attorney's Exam with the standards for determining fitness to practice law, we conclude that that confusion is not a sufficient reason to reverse the Board's decision, as the hearing officer's findings and recommendation are not binding on the Board, id. at Section 8 (c); *In re C. R. W.*, 267 Ga. 534 (481 SE2d 511) (1997), and are similarly not binding on this Court, who, applying the appropriate standards, makes the "ultimate decision regarding a Bar candidate's fitness to practice law." *In the Matter of Spence*, 275 Ga. 202, 204 (563 SE2d 129) (2002).

[5] Contrary to Allen's contention, we conclude that the Board adequately stated its reason for denying Allen's application for certification of fitness.

burden of establishing her fitness to practice law."[6] In this case, we conclude that the record supports the conclusion that Allen has demonstrated a lack of candor with regard to the Florida disciplinary and a lack of willingness to take responsibility for his actions that led to that disciplinary. Moreover, we conclude that that factor, coupled with Allen's actions that led to the disciplinary in the State of Florida, demonstrate that Allen has failed to establish that he is fit to practice law in this State.

*Decision affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2002.

*James E. Spence, Jr.*, for Allen.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General, Hulett H. Askew*, for appellee.

---

[6] *In re C. R. W.*, 267 Ga. 534 (481 SE2d 511) (1997).