## S07Z0422. In re BASKA.
### (641 SE2d 533)

Per Curiam.

Robert S. Baska filed this appeal from the final decision of the Board to Determine Fitness of Bar Applicants ("the Board") denying Baska's application for a certificate of fitness to practice law in Georgia. Part F, Sec. 7, Rules Governing Admission to the Practice of Law.

This Court has promulgated rules which govern admission to the State Bar of Georgia. See Rules Governing the Admission to Practice Law. Pursuant to those Rules, the Board to Determine Bar Fitness "shall inquire into the character and fitness of applicants for admission to the practice of law and shall certify as fit to practice law those applicants who have established to the Board's satisfaction that they possess the integrity and character requisite to be members of the Bar of Georgia." Part A, Sec. 2, Rules Governing Admission to the Practice of Law. During its investigation into Baska's character, reputation and background, the Board required Baska to appear for an informal conference in September 2005 and, thereafter entered a tentative order denying his application for certification. Part A, Sec. 7 (a), Sec. 8 (a), Rules Governing Admission.

Following Baska's request for a formal hearing, the Board prepared specifications of the reasons for its tentative order of denial and this Court appointed a member of the State Bar of Georgia to serve as the hearing officer. Rule 8 (a), Rules Governing Admission. In its specifications, the Board noted that Baska had been a general surgeon in Vermont who had lost his Vermont medical license in 2002 after a hearing before the State of Vermont Board of Medical Practice. According to the specifications, the Vermont Board had found Baska had violated the American Medical Association's Code of Medical Ethics by engaging in a sexual relationship with a patient from 1997-2001; had engaged in unprofessional conduct during his care of five patients, including the failure to follow the standard of care; and had evidenced unfitness to practice medicine by his behavior with patients, their families, and nursing staff between 1998-2001. The Board to Determine Fitness of Bar Applicants, noting a Vermont newspaper article that suggested Baska had disappeared from Vermont when lawsuits based on his medical practices were filed and affidavits from plaintiffs' attorneys concerning an inability to serve Baska with their civil complaints, found a lack of candor in Baska's statement to the Board that he had never tried to hide following his medical license revocation. The Board determined that the above-summarized actions constituted "a pattern of conduct that demonstrates a lack of integrity, character, and the requisite moral fitness required of a prospective member of the State Bar of Georgia." The

Board found Baska had not demonstrated sufficient evidence of remorse at the informal hearing with the Board and an insufficient amount of time had passed since the misconduct to permit full rehabilitation.[1]

After conducting an evidentiary hearing in April 2006, the hearing officer issued written findings of fact in June 2006 and recommended to the Board that Baska be allowed to sit for the bar exam after August 2006. The Board held a second informal conference with Baska on November 2, 2006, and thereafter voted unanimously not to accept the hearing officer's recommendation, citing the reasons set forth in its earlier-issued specifications. Baska then filed this appeal from the entry of the Board's formal order of November 14 denying his application for a certificate of fitness.

1. In the application process, the applicant bears the burden of establishing his fitness to practice law. *In re Beasley*, 243 Ga. 134 (2) (252 SE2d 615) (1979). The written findings of fact and recommendations made by the hearing officer to the Board are not binding on the Board or this Court. Part A, Sec. 8 (c), Rules Governing Admission; *In the Matter of Allen*, 275 Ga. 818, n. 4 (573 SE2d 79) (2002). This Court will uphold the decision of the Board if there is any evidence to support it. *In re K. S. L.*, 269 Ga. 51 (2) (495 SE2d 276) (1998). The Board's determinations that Baska lacked candor and that the behavior which had resulted in the revocation of his Vermont medical license demonstrated a lack of the integrity, character, and moral fitness required of a prospective member of the State Bar of Georgia is supported by the record. See *In the Matter of Allen*, supra, 275 Ga. at 819 (lack of willingness to take responsibility for actions that led to disciplinary action in another state supports denial of application for certification of fitness); *In re Adams*, 273 Ga. 333, 334 (2) (b) (540 SE2d 609) (2001) ("False, misleading or evasive answers given during the bar application process may be grounds for a finding of a lack of requisite character and fitness.").

2. Pointing out that the Rules Governing Admission to the Practice of Law do not provide expressly for more than one informal conference between the Board and an applicant, Baska contends the Board exceeded its authority when it held an informal conference with him after the formal hearing before the hearing officer and before the Board issued its final order denying certification to Baska.

---

[1] In an amended specification, the Board noted that Baska had explained the loss of his license to practice medicine in Illinois as a failure on his part to renew it, followed by automatic revocation due to the Vermont license revocation. The Board observed that Baska's purported lack of knowledge concerning the Illinois license revocation was due to Baska's failure to abide by Illinois requirements that a licensee keep Illinois apprised of his current address and inform Illinois of adverse final action by any governmental agency.

We do not agree with Baska's narrow construction of the procedure provided by the Rules. The Rules authorize the Board to "make such investigation as it deems necessary into [an applicant's] character, reputation and background" prior to certifying an applicant as having the integrity and character requisite to be a member of the Bar of Georgia. Part A, Sec. 6 (a), Rules Governing Admission. We do not view the Board's holding of an informal conference with an applicant following the receipt of the hearing officer's recommendation and prior to the issuance of its final decision to constitute an abuse of the Board's discretion to conduct the investigation it deems necessary, especially where, as here, the hearing officer's finding of facts were comprehensive, the hearing officer made a recommendation at odds with the Board's tentative decision following the initial informal conference, and over a year had passed since the Board's initial informal conference with the applicant.

*Decision affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*Emilien O. Loiselle*, for Baska.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Ann S. Brumbaugh, Assistant Attorneys General, Sarah E. Lockwood, Office of Bar Admissions*, for appellee.