307 Ga. 276
FINAL COPY

S19Z1117.  IN THE MATTER OF JOAN PALMER DAVIS.

PER CURIAM.

On February 27, 2012, this Court disbarred Joan Palmer Davis based on findings of misconduct arising from her representation of clients in two separate disciplinary proceedings. See *In the Matter of Davis*, 290 Ga. 857 (725 SE2d 216) (2012). On April 19, 2017, Davis filed with the Office of Bar Admissions an Application for Certification of Fitness to Practice Law to be reinstated to the practice of law in Georgia, and her application was denied by the Board to Determine Fitness of Bar Applicants (the Board) on March 14, 2019. Davis appeals from the Board's decision, asserting, primarily, that her continued denial of culpability for the acts that led to her disbarment did not show a lack of rehabilitation and that the evidence she presented at the hearing before the special master below demonstrated that she had been rehabilitated. For the reasons that follow, we uphold the Board's decision to deny Davis'

application for reinstatement.

Some background information is necessary to place in context some of the consistent behavior demonstrated by Davis throughout the disciplinary proceedings that led to her disbarment and the current proceedings in which she seeks reinstatement. The matters that led to Davis' disbarment started out as two separate disciplinary proceedings that were later consolidated, and

> [t]he main disciplinary matter arose from Davis' representation of a client in a child support enforcement action. [In that matter,] [t]he client sought to terminate his obligation to pay child support based on a DNA test showing that he was not the father of the child. He paid Davis, who has been a member of the Bar since 1990, $1,200 (toward a quoted fee of $1,500) but later filed a grievance asserting that Davis failed to appear on December 3, 2008 for a scheduled hearing in the Cobb County Superior Court and effectively withdrew from the case without advising him or otherwise communicating with him. Davis' answers to the grievance and the resulting Notice of Investigation were untimely, but in them she insisted that she had appeared for the December 3 hearing.

> Subsequently, a Formal Complaint issued asserting that Davis failed to communicate properly with the client regarding his case, failed to appear at the hearing, failed to effectively withdraw from the representation, and

2

made false statements in her response to the Notice of Investigation. Ultimately, the State Bar charged Davis with violating Rules 1.3, 1.4, 1.16, 8.1, 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). . . . The State Bar also invoked Bar Rule 4-103 noting that Davis received Investigative Panel Reprimands in unrelated cases on February 16, 2007 and April 16, 2010 (both based on conduct similar to that exhibited in this case). See Bar Rule 4-208.

. . .

In the second matter, the State Bar asserted that Davis again violated Rule 9.3 by failing to timely respond to a properly-served Notice of Investigation arising out of a grievance filed by a different client. See Bar Rule 4-204.3 (a). The State Bar again invoked Bar Rule 4-103 and sought "appropriate discipline."

Id. at 857-858.

In addition to concluding that Davis made false statements in her written Response to the Notice of Investigation in the main case, this Court also determined that there was "ample evidence . . . to support the conclusion that Davis made false statements . . . in her own testimony before the special master." *Davis*, supra, 290 Ga. at 860. Specifically, Davis continued to insist that she had actually appeared at the December 3 hearing when she had not, and multiple

3

witnesses confirmed that she had not. In fact, despite the client's repeated efforts to contact Davis, Davis did not respond to the client until he sent her a letter in July 2009 requesting a refund of the fee that he had paid because Davis had not shown up at the December 3 hearing. "Davis did not refund any portion of the fee but in her response letter she asserted that she had appeared in court on December 3 and that the client had not been there." Id. at 859. Noting that "[t]his Court has little tolerance for attorneys who make false statements during disciplinary proceedings," and further noting the damage to the public and profession caused by Davis' conduct, the damage to Davis' client in the child support case, and Davis' failure to refund any unearned fees, the Court agreed "with the Review Panel's conclusions that Davis breached the disciplinary rules as alleged" and disbarred her. Id. at 860-861.

At the time of Davis's disbarment, there were still three other disciplinary matters involving other clients of hers that remained pending. However, one of the matters was transferred to inactive

4

status by this Court in light of Davis's disbarment,[1] and the other two were determined to be moot by the Bar's Office of General Counsel. Two other grievances against Davis were filed with the Office of General Counsel after Davis was disbarred, but these matters were also considered moot by that office. Also after Davis' disbarment, the State Bar Client Security Fund paid $3,500 on the claim by Davis' former client that had been transferred to inactive status by this Court.

At the time that Davis filed her April 19, 2017 application to be reinstated to practice law in Georgia, she still had not yet paid back the $3,500 that the Client Security Fund had paid to her former client. An informal conference between Davis and the Board took place on May 10, 2018, and, when questioned about her failure to repay the $3,500, Davis suggested that she had not made the payment because she suspected that her client might have committed "fraud" on the Client Security Fund. Following the

---

[1] See Case No. S11B1003 (decided April 13, 2012).

5

hearing, the Board issued a tentative order of denial of Davis' application on May 14, 2018, concluding that Davis had failed

> to meet [her] burden of showing [she] possess[es] the ability to conduct [her]self with a high degree of honesty, integrity, and trustworthiness in all professional relationships and with respect to all legal obligations; the ability to exercise good judgment in conducting professional business; the ability to conduct [her]self diligently and reliably in fulfilling all obligations to clients, attorneys, courts, and others; and the ability to conduct [her]self professionally and in a manner that engenders respect for the law and the legal profession. [She further] fail[ed] to carry her burden of establishing rehabilitation following [her] disbarment . . . and [she had] fail[ed] to make restitution to the Client Security Fund of the amounts paid as a result of [her] conduct.

Davis then repaid the $3,500 to the Client Security Fund on June 25, 2018.

A formal hearing was held before a special master on January 7, 2019. At the hearing, Davis presented testimony from individuals who attested to her good character, and she also presented evidence of her extensive community service work. However, Davis continued to maintain at the hearing that the claims of unethical conduct against her were not true. Davis also continued to claim that she

initially had not repaid the $3,500 to the Client Security Fund because she believed that her former client had committed fraud against the fund. The special master concluded that Davis "failed to show insight and tak[e] responsibility for her gross misconduct," as she "persisted in blaming others." The special master recommended that Davis be denied reinstatement to the practice of law, and the Board voted to issue a final denial of certification.

With this same procedural background in mind, we emphasize that "an applicant for reinstatement as a practicing lawyer has the burden of proving by clear and convincing evidence that [s]he has been sufficiently rehabilitated." (Citations omitted.) *In the Matter of Nichols*, 248 Ga. 254, 255 (282 SE2d 341) (1981). Furthermore, "[i]f there is any evidence to support the Board's decision [to deny certification], we will uphold it." *In re C. R. W.*, 267 Ga. 534, 534 (1) (481 SE2d 511) (1997).

Ample evidence supported the Board's conclusion that Davis was not sufficiently rehabilitated to be reinstated to the practice of law in Georgia. Contrary to showing "by clear and convincing

7

evidence that [s]he ha[d] been sufficiently rehabilitated," *In the Matter of Nichols*, supra, 248 Ga. at 255, Davis showed in the proceedings below the same type of dishonesty and inability to take responsibility for her prior misdeeds that she demonstrated in the disciplinary proceedings that led to her disbarment in the first place. This Court does not countenance such dishonesty and blame shifting in those who seek to practice law in the state of Georgia. See, e.g., *In the Matter of Allen*, 275 Ga. 818, 819 (573 SE2d 79) (2002) (applicant who "demonstrated a lack of candor with regard to [a prior] Florida disciplinary and a lack of willingness to take responsibility for his actions that led to that disciplinary" failed to show that he was fit to practice law in Georgia). To the extent that the evidence of good character and community service presented by Davis could have raised a question about the extent of her rehabilitation, any doubts about her rehabilitation are resolved in favor of protecting the public rather than reinstating her to the practice of law. *In re C. R. W.*, supra, 267 Ga. at 535 ("[T]his Court's primary concern in admitting persons to the practice of law is the

protection of the public, [and] any doubts must be resolved against the applicant and in favor of protecting the public."). The applicant herself has undermined the very evidence that she claims would entitle her to reinstatement. See, e.g., *In the Matter of Allen*, supra, 275 Ga. at 819. We uphold the decision of the Board.

*Reinstatement denied. All the Justices concur, except Benham, J., not participating.*

DECIDED OCTOBER 7, 2019 – RECONSIDERATION DISMISSED NOVEMBER 4, 2019.

Certification of fitness to practice law.

*Heidi M. Faenza, Rebecca S. Mick, Christopher M. Carr, Attorney General, Annette M. Cowart, Deputy Attorney General, Russell D. Willard, Senior Assistant Attorney General*, for Board of Bar Admissions.