## In re FITZPATRICK.

### (Admissions Docket No. 9)

Per curiam.

Pursuant to section seven of the Rules for Admission to the Bar, Mr. Fitzpatrick appeals to this court for a review of the decision of the Board to Determine Fitness of Bar Applicants which denied him certification for admission to the bar.

After a hearing, the Board determined that Fitzpatrick "knowingly sought to conceal from the Board important information that should have been included in his application; that this was deliberately done to conceal from the Board the existence of his bankruptcy in California, and the full story of the Ohio bankruptcy and the findings of the court therein. Fitzpatrick's response to these charges . . . that his failure to disclose the California bankruptcy was because he 'simply overlooked it' is far from persuasive . . ." In its order in the Ohio bankruptcy, the court had found that Fitzpatrick "intentionally and purposefully deceived and defrauded [a creditor] in obtaining the money in question."

In his appeal Fitzpatrick argues that his failure to list the California bankruptcy was not intentional, that he was not less than candid with the Board, and that there is insufficient evidence to support the Board's decision that he does not possess the required moral character to be eligible for the bar. He cites several California cases in support of his argument.

After reviewing the record, but not the confidential, sealed investigative file, we hold that the evidence supports the Board's decision. This case is controlled by In re Beasley, 243 Ga. 134, 136 (252 SE2d 615) (1979), where we held that "[i]n proceedings of this nature, the burden clearly rests upon the applicant to prove he possesses the requisite character and moral fitness." Fitzpatrick's failure to disclose the California bankruptcy in his application, his failure to fully report the Ohio bankruptcy court's findings, and his failure to justify these omissions support the Board's decision that he fails to possess the integrity required to be a member of the Bar of this State. "False, misleading or evasive answers to bar application questionnaires may be grounds for a finding of lack of requisite character and fitness. [Cits.]" Beasley, supra at 137.

The Board's decision denying Fitzpatrick's certification is affirmed.

*All the Justices concur.*

Decided January 21, 1981.

*Arthur K. Bolton, Attorney General, Kathryn L. Allen, Assistant Attorney General,* for Bar Examiners.
*Cox & Menendez, Reed E. Cox,* for applicant.