## 39167. IN RE CASON.
### (ADMISSIONS DOCKET NO. 26)

PER CURIAM.

Theresa D. Tate Cason applied to the Board to Determine Fitness of Bar Applicants for certification of fitness to practice law. In her application, in response to the instruction "List all criminal proceedings (other than traffic violations) in which you have been a party," she listed the following:

| Date | Designation and Address of Court | Nature of Proceedings | Disposition |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 3/5/68 | Jacksonville, FL | Insulting Officer | $25.00 fine |
| 12/12/70 | Tallahassee, FL | Assault | Innocent - dismissed |
| 3/28/74 | Jacksonville, FL | Shoplifting | $250.00 fine |
| 6/27/74 | Atlanta, GA | Theft by Taking | Probation |
| 9/8/74 | Atlanta, GA | Theft of Services | Dismissed |
| 10/9/74 | Atlanta, GA | Simple Battery | First Offender |
| 6/14/76 | Atlanta, GA | Theft by Taking | $100.00 Fine |
| 12/1/76 | Atlanta, GA | Theft-Shoplifting | Dismissed |
| 1/15/77 | Miami, Hialeah FL | Theft | $200.00 Fine 12 months Probation |
| 9/8/78 | Atlanta, GA | Trespass | Dismissed |
| 4/ /80 | Atlanta, GA | Firearm No Permit | Dismissed |

The application was submitted under oath.

After investigation, the Board determined that Ms. Cason's application should be tentatively denied. When she was notified, she requested a formal hearing and the specifications against her were then issued.

Applicant was charged, inter alia, with the eleven offenses listed above, plus making false and misleading statements by (1) failing to disclose that on March 30, 1971, she was arrested for petty larceny (shoplifting), in Tallahassee, Florida, and was subsequently convicted and forfeited bail; (2) failing to disclose that in connection with the January 15, 1977, arrest for theft in Hialeah, Florida (listed above), she was also charged with resisting arrest for which she was convicted; and (3) failing to reveal in connection with the March 28, 1974, shoplifting charge in Jacksonville, that she forfeited bond for failure to appear rather than being fined (as stated above). As for the three failures to disclose, applicant was charged generally with having made false and misleading statements under oath thereby demonstrating not only lack of candor but also disregard for the significance of an oath. As for the eleven offenses listed on her application plus the March 30, 1971, charge in Tallahassee, the specifications alleged that the pattern of arrests and convictions indicated a continuous and continuing disrespect for the law and the legal system.

In her answer, applicant admitted committing the offenses described above and denied the remaining allegations.

The hearing officer found that the applicant has the burden of

proving her moral character and fitness[1] and that she failed to show that she had been candid on her application and failed to demonstrate that she has been rehabilitated. The hearing officer's recommendation that the applicant not now be certified to stand the bar examination was approved by the Board. Applicant appeals.

Our decision is not based upon the specification that the application was false and misleading in that applicant failed to disclose that she had in the past been known by other names for the reason that no finding of fact was made as to this specification. We based our decision on the hearing officer's other findings and conclusions.

Our decision is not based upon those specifications of criminal charges which were dismissed because it has not been shown that applicant was in fact guilty of those charges.[2] Applicant admittedly was guilty of seven offenses, from March 3, 1968, to January 15, 1977.[3]

Where an applicant for admission to the bar has a criminal record, his or her burden of establishing present good moral character takes on the added weight of proving full and complete rehabilitation subsequent to conviction, and it is only fitting that proof of rehabilitation be by clear and convincing evidence. Application of Davis, 38 Ohio St. 2d 273 (313 NE2d 363, 364-365) (1974); see also Application of David H., 392 A2d 83, 87 (Ct. App. Md. 1978). Any effort made before the Board to evade full disclosure of all pertinent information concerning the past may be considered by the Board as evidence of lack of full and complete rehabilitation. Application of Davis, supra.[4]

For bar fitness purposes, rehabilitation is the reestablishment of the reputation of a person by his or her restoration to a useful and constructive place in society. See Webster's Third International Dictionary (Unabridged) (1967). Payment of the fine or service of the sentence imposed, and not committing further crimes, standing alone, do not prove rehabilitation. Merely showing that an individual

---

[1] See *In re Beasley,* 243 Ga. 134 (2) (252 SE2d 615) (1979); *In re Fitzpatrick,* 247 Ga. 55 (273 SE2d 618) (1981); *In re Lubonovic,* 248 Ga. 243 (1) (282 SE2d 298) (1981).

[2] The Board is authorized to require disclosure of arrests, including those not resulting in findings of guilt, so that the Board may consider whether the applicant was in fact guilty of charges which were dismissed. The Board is also authorized to consider whether any fine imposed has been paid.

[3] None of these offenses is a felony and hence we are not confronted with the question of whether an unpardoned felony conviction automatically bars an applicant from admission to the practice of law. See In re Florida Board of Bar Examiners, 183 S2d 688 (Fla. 1966); Code § 2-501.

[4] Regarding the importance of full disclosure and complete candor, see *In re Beasley,* 243 Ga. 134 (4), supra; and *In re Fitzpatrick,* 247 Ga. 55, supra.

is now living as and doing those things he or she should have done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society. Positive action showing rehabilitation may be evidenced by such things as a person's occupation, religion, or community service. The requirement of positive action is appropriate for applicants for admission to the bar because service to one's community is an implied obligation of members of the bar. See 241 Ga. 643, 654; Rule 3-102, EC 2-2.

Applicant contends she has carried the burden of proving rehabilitation. She admits having a lengthy record of criminal convictions and attributes it to peer and economic pressure. She points out that she has not been convicted of any offense in over five years, that she has disclosed her record to her friends, that she has raised her child, that she has paid her mortgage, and that she has worked in the school system dealing with young people, trying to show them that they too could overcome a criminal record.

We note that applicant's record of convictions extends over a ten year period, during which period applicant reached age 26. Supporting a child and paying mortgage obligations are not in themselves evidence of rehabilitation (unless those activities are considered nonobligatory).

The function of the Fitness Board is to prevent those not demonstrating the requisite moral character and fitness from being allowed to become lawyers. This is for the protection of the public, because by admitting a person to the practice of law, the bar holds that person out to the public as worthy of patronage and confidence. See Penobscot Bar v. Kimball, 64 Me. 140, 146 (1875).[5]

As we stated in *In re Lubonovic,* 248 Ga. 243, 244, supra: " '[T]his court's primary responsibility is to the public to see that those who are admitted to practice are ethically cognizant and mature individuals who have the character to withstand the temptations which are placed before them as they handle other people's money and affairs . . . If we are not reasonably convinced that the applicant can withstand such temptations we should not admit him. Doubt of consequence, of necessity, must be decided in favor of the public's protection. There lies our first duty and concern . . .' In re Alpert, 269 Or. 508, 518 (525 P2d 1042, 1046) (1974)." "If at the conclusion of the proceedings the evidence of good character and that of bad character

---

[5] In addition to serving the public, the Fitness Board serves the members of the bar in upholding public confidence in the profession by denying admission to those not demonstrating the requisite moral character and fitness.

are found in even balance, the State may refuse admission to the applicant, just as in an ordinary suit a plaintiff may fail in his case because he has not met his burden of proof." Konigsberg v. State Bar, 366 U. S. 36, 42 (81 SC 997, 6 LE2d 105) (1961).

Applicant has failed to show that the Board erred in denying certification.

*The decision of the Board is affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982.

Theresa D. Tate Cason, *pro se.*

*Ben G. Estes, Bar Examiner, Katherine Allen, Assistant Attorney General,* for Board to Determine Fitness of Bar Applicants.