S93Y0300. IN THE MATTER OF CARLTON R. STEWART.
(435 SE2d 50)

PER CURIAM.

Alleging violations of Standards 4, 30, 45 (b), 61, 63, 65 (A), and 68 of State Bar Rule 4-102, the State Bar of Georgia filed a formal complaint against Carlton R. Stewart. Respondent admitted a violation of Standard 65 and petitioned this court for acceptance of the voluntary surrender of his license to practice law in Georgia. He proposed in his petition that consideration of any application for reinstatement be conditioned on certification to this court that he has made full restitution, in amounts to be established by the Investigative Panel of the State Disciplinary Board but not exceeding the amounts paid or entrusted to him, to those clients who had claims against him and filed grievances with the State Bar of Georgia prior to the issuance of this judgment.

The State Bar of Georgia has informed the court that it has no objection to the petition. In view of the recommendations of the special master and of the review panel of the State Disciplinary Board that the surrender of his license be accepted, it is hereby ordered that Stewart's application for surrender is granted. Stewart is reminded of the necessity of his compliance with all of the requirements of State Bar Rule 4-219 (c).

Before reinstatement will be considered, Stewart must comply with the conditions proposed in his petition for voluntary surrender. In addition, since the acceptance of a voluntary surrender of license to practice law is tantamount to disbarment (*In the Matter of A. E. Wallace, Jr.,* 262 Ga. 429 (422 SE2d 1) (1992)), Stewart will have to comply with the reinstatement procedures of the State Bar of Georgia in effect at the time of filing any reinstatement petition.

*All the Justices concur; Sears-Collins, J., not participating.*

DECIDED OCTOBER 4, 1993.

*William P. Smith III, General Counsel State Bar, Jeffrey R. Davis, Assistant General Counsel State Bar,* for State Bar of Georgia.

*M. Gino Brogdon, King & Spalding, Larry D. Thompson,* for Stewart.