S08Y0879. IN THE MATTER OF CHARLES HOUSTON RICHARDS.
(663 SE2d 708)

PER CURIAM.

In this disciplinary matter Charles Houston Richards failed to file a Notice of Rejection to the Notice of Discipline, despite having been properly served by publication. Therefore, Richards is in

default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

This Notice of Discipline encompasses two separate incidents. In the first, the admitted facts show that a client retained Richards to represent him in collecting a judgment; Richards did some initial work on the case, but failed to adequately communicate with the client after the first month of representation; and although the client believes that Richards collected more than $8,000 from the defendant, Richards has not given the client any of the funds collected. With regard to the second incident, the facts show that a client retained Richards to represent him in a worker's compensation case; although Richards received settlement funds for the client, he did not allow him to see the disbursements to medical providers; Richards deducted more than the agreed-upon fee from the settlement funds, giving the client a check, written on his trust account, allegedly representing the client's portion of the settlement; and the client attempted to cash Richards' check five times before the funds became available. With regard to both cases, Richards acknowledged service of the Notices of Investigation but failed to submit sworn, written responses as required by Bar Rule 4-204.3. Similarly, Richards did not respond to the State Bar's subpoena concerning the funds he collected on the first client's behalf.

Based on the facts of these cases, the State Bar asserts that Richards violated Rules 1.3, 1.4, 1.5, 1.15 (I), 1.15 (II), 3.2 and 9.3 of Bar Rule 4-102 (d) and seeks disbarment as the appropriate discipline, citing in aggravation that Richards already had received two Investigative Panel Reprimands in August 2007. No mitigating factors were cited.

Having reviewed the record we agree that disbarment is the appropriate sanction for Richards' conduct. It hereby is ordered that the name of Charles Houston Richards be removed from the rolls of persons authorized to practice law in the State of Georgia. Richards is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JULY 7, 2008.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.