S09Z0491. IN THE MATTER OF SCOTT ALAN SIEGELMAN.
(683 SE2d 595)

PER CURIAM.

Petitioner Scott Alan Siegelman was allowed to voluntarily surrender his license to practice law in December 1989. *In the Matter of Siegelman*, 259 Ga. 647 (386 SE2d 162) (1989). In his Petition for Voluntary Surrender, Siegelman admitted that he had pled guilty to charges of possession of cocaine with intent to distribute. In February 1995, the State Board of Pardons and Paroles granted Siegelman a pardon, by which his civil and political rights were restored, except for the right to receive, possess, or transport in commerce a firearm. In March 2007 Siegelman filed, with the Office of Bar Admissions, this application for Certification of Fitness to Practice Law, which simultaneously serves as an application for readmission. The Board to Determine Fitness of Bar Applicants initially tabled Siegelman's application for one year to give Siegelman time to "undertake activities to show [his] rehabilitation in light of *In Re: Cason*, 249 Ga. 806 [(294 SE2d 520)] (1982)." In November 2008, after Siegelman provided a more detailed statement of rehabilitation, the Board advised Siegelman of its decision to grant him certification of fitness to practice law. The Board then filed its Report and the record of its proceedings with the Clerk of this Court so that this Court could make the final determination regarding Siegelman's certification of fitness as required by Part A, Section 10 (e) of the Rules Governing Admission to the Practice of Law, as amended on September 3, 2008.

In considering this matter, this Court notes that more than five years has passed since Siegelman surrendered his license in 1989. Since then, he has become increasingly involved in a religious community, engaging in intensive Talmudic and Bible study. Siegelman performs volunteer work with a religious organization assisting Jewish inmates, attends synagogue regularly, performs community service through the synagogue, and serves on civic committees in the Lakewood township in New Jersey. We also note that Siegelman has submitted reference letters in support of his application from numerous persons, including two rabbis, all of whom have known him for more than ten years. The Fitness Board has shown compliance with the notice and confirmation requirements of Part A, Section 10 (d) of the Rules Governing Admission to the Practice of Law, and there have been no objections raised to Siegelman's petition.

Based upon the record in this case, this Court finds that Siegelman has shown that he is entitled to be certified as fit to practice law in Georgia. Further, it appears that Siegelman has met all of the procedural requirements of Part A, Section 10 for approval of his application for a certification of fitness. Accordingly, this Court hereby grants Siegelman's application for certification of fitness and orders that, upon satisfaction of all of the requirements of Part B of the Rules Governing Admission to the Practice of Law including taking and passing the Georgia Bar Examination and achieving a scaled score of 75 on the Multi-State Professional Responsibility Examination, Siegelman may be reinstated as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Sarah E. Lockwood*, for Office of Bar Admissions.
*Scott A. Siegelman*, pro se.