S11Z1165. IN THE MATTER OF DONALD JERRY STEIN.

(721 SE2d 898)

PER CURIAM.

In 2000 Donald Jerry Stein pled guilty to Conspiracy to Defraud the United States and False Statements on his 1997 Tax Return, as charged in Counts One and Three of Criminal Information No. 1:00-CR-719 of the United States District Court for the Northern District of Georgia, Atlanta Division, and was sentenced to six months in the custody of the Bureau of Prisons with the recommendation to serve the sentence in a half-way house; 30 months on supervised release with the first six months served under home detention; and a $3,000 fine and a $200 special assessment. This Court subsequently disbarred Stein from the practice of law in Georgia for violating Standard 66 of Bar Rule 4-102 (d), see *In the Matter of Stein*, 277 Ga. 141 (586 SE2d 305) (2003). On May 21, 2009 the Georgia State Board of Pardons and Paroles restored Stein's civil and political rights.

In November 2008 Stein filed with the Office of Bar Admissions an Application for Certification to Practice Law, which serves as an application for readmission. He also filed an initial statement of rehabilitation in accordance with *In re Cason*, 249 Ga. 806 (294 SE2d 520) (1982), expressing extreme remorse and taking full and unconditional responsibility for his criminal conduct. In his second statement of rehabilitation Stein again expressed extreme remorse, took full and unconditional responsibility for his criminal conduct, and outlined his community service efforts at rehabilitation in the community. The State Bar responded that it does not have any disciplinary files concerning Stein other than a 1983 Letter of Admonition and the one resulting in Stein's disbarment. The State Bar did not appear before the Board to Determine Fitness of Bar Applicants at the time of Stein's conference.

The Board initially voted in November 2009 to table Stein's application for one year to show further rehabilitation in light of *Cason*, then in December 2010 the Board again took up consideration of Stein's application and decided that Stein should be certified

for readmission. The Board filed its report on April 12, 2011, along with the record of the proceedings so that the Court could make the final determination regarding Stein's certification of fitness as required by Part A, Section 10 (e) of the Rules Governing Admission to the Practice of Law in Georgia, as revised on January 8, 2010. The Board has demonstrated compliance with the notice and confirmation requirements of Part A, Section 10 (d) (1)-(4) of the Rules.

The record shows that Stein has shown remorse and has volunteered in his community. As did the Board we take into account Stein's age, his profound shame, and his statements of extreme remorse for the actions resulting in his disbarment. We are convinced of his candor, credibility and rehabilitation through his personal struggles and volunteer work, and conclude that Stein has demonstrated by clear and convincing evidence that he is entitled to be certified as fit to practice law in Georgia. Stein has met all of the procedural requirements of Part A, Section 10 for approval of his application for certification of fitness. Accordingly, this Court hereby grants Stein's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Stein may be reinstated as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur, except Nahmias, J., who is disqualified.*

DECIDED JANUARY 23, 2012.

*Sarah E. Lockwood*, for Office of Bar Admissions.