### S13Z1595. IN THE MATTER OF CARLTON REGINALD STEWART.
(748 SE2d 926)

Per Curiam.

Respondent Carlton Reginald Stewart was originally admitted to the State Bar of Georgia in 1979. In 1992, to resolve a Formal Complaint that alleged numerous disciplinary violations, Stewart filed a petition for voluntary surrender of his license admitting one violation of what was then Standard 65 of State Bar Rule 4-102. This Court granted Stewart's petition and conditioned any application for reinstatement on his certification that he had made full restitution to those clients who had claims against him and who had filed grievances with the State Bar. See *In the Matter of Stewart*, 263 Ga. 384 (435 SE2d 50) (1993). Based upon his disbarment in Georgia, Stewart was also disbarred in Texas, where he had been a member of the Bar since 1976.

In May 2012, Stewart filed with the Office of Bar Admissions an Application for Certification of Fitness to Practice Law, which serves as an application for readmission. In connection therewith, Stewart filed a certificate of restitution, with supporting documentation, in which he certified that he had made full restitution to all clients having claims against him who filed a grievance with the State Bar. He also filed a statement of rehabilitation in accordance with *In re Cason*, 249 Ga. 806 (294 SE2d 520) (1982), expressing extreme remorse for his conduct, taking full responsibility for it, and outlining his efforts at rehabilitation in the community (through his documented involvement in numerous religious, community, and civic organizations) and in his employment (as a government relations consultant). The record contains letters of personal reference from 11 members of the State Bar, attesting to Stewart's high moral character, his commitment to rehabilitation, and his professionalism and diligence in reestablishing the requisite character and fitness for a member of the State Bar of Georgia.

Pursuant to Part A, Section 10 (d) (1)-(4) of the Rules Governing Admission to the Practice of Law in Georgia, the Fitness Board

provided notice to the State Bar and an opportunity for the Bar to present relevant information, provided notice to the Bar membership and Chief Judge where Stewart had practiced, provided newspaper notice to the public in the area where Stewart had practiced, sought and received confirmation from the Client Security Fund that no restitution remained due, and followed all other procedures for fitness certification designated by Part A of the Rules. The State Bar reported that, at the time of Stewart's disbarment, it had six additional disciplinary cases pending against him involving the same behavior as that found in the disbarment case, but noted that because it appeared that Stewart had made restitution in those cases, the Bar would elect not to reactivate those grievances should he be reinstated. The Fitness Board took up Stewart's application and, after a conference with him, decided that he should be certified for readmission. The Board filed its report along with the record of the proceedings so that this Court could make the final determination regarding Stewart's certification of fitness as required by Part A, Section 10 (e) of the Rules.

The record exhibits that Stewart has shown extreme remorse for his actions and has volunteered extensively in his community. We are convinced of his candor, credibility, and rehabilitation, and we conclude that he has demonstrated by clear and convincing evidence that he is entitled to be certified as fit to practice law in Georgia. Stewart has met all of the procedural requirements of Part A, Section 10 for approval of his application for certification of fitness. Accordingly, this Court hereby grants Carlton Reginald Stewart's application for certification of fitness and orders that, upon his satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, he may be reinstated as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Sarah E. Lockwood, A. Leigh Burgess,* for Office of Bar Admissions.