296 Ga. 441
FINAL COPY

S15Z0571. IN THE MATTER OF CHARLES HOUSTON RICHARDS, JR.

PER CURIAM.

This matter is before the Court on Respondent Charles Houston Richards, Jr.'s application for certification of fitness/reinstatement, which was filed in accordance with Part A, Section 10 (Readmission and Reinstatement) of the Rules Governing Admission to the Practice of Law in Georgia. Richards was originally admitted to the Bar in 1991. In 2008, Richards was disbarred after he failed to file Notices of Rejection to two Notices of Discipline despite having been properly served, see In the Matter of Richards, 284 Ga. 154 (663 SE2d 708) (2008). Both Notices of Discipline charged him with failure to properly distribute to his clients funds he collected in a judgment and failure to have sufficient funds in his trust account. Based upon his disbarment in Georgia, Richards was also disbarred in Florida, where he had been a member of the Bar since 1986, and by the United States District Court for the Northern District of Georgia.

In July 2014, Richards filed with the Office of Bar Admissions an Application for Certification to Practice Law, which serves as an application for

readmission. In connection therewith, Richards filed a statement of rehabilitation in accordance with In re Cason, 249 Ga. 806 (294 SE2d 520) (1982), detailing his history of alcohol and drug abuse and explaining the effect that alcohol and drugs had on his life and career. He expressed his remorse for his conduct, took full responsibility therefor, and outlined his efforts at rehabilitation in the community (through his documented involvement in numerous religious, community and civic organizations), in his personal life, in his relationships with his former clients, and in his current employment. The record contains four letters of personal reference, three from members of the non-profit community and one from a prior client. The authors of the letters all attest to Richards' high moral character, his generosity and compassion, his commitment to rehabilitation, and his professionalism and diligence in reestablishing the requisite character and fitness for a member of the State Bar of Georgia. They all support his readmission.

Pursuant to Part A, Section 10 (d) (1)-(4) of the Rules Governing Admission to the Practice of Law in Georgia, the Fitness Board provided notice and opportunity for the State Bar to present relevant information, provided notice to the Bar membership and the Chief Judge where Richards had practiced,

provided newspaper notice to the public in the area where Richards had practiced, sought and received confirmation from the Client Security Fund that no restitution remained due, and followed all other procedures for fitness certification designated by Part A of the Rules. The Board received no response from its published notice or from the letters sent to the General Counsel of the State Bar of Georgia; the President of the Atlanta Bar Association; or the Chief Judge of the Fulton County Superior Court. The Client Security Fund confirmed that it had paid a total of $34,292.88 on claims filed against Richards, and that in January 2012, Richards reimbursed the Fund for the entire amount. The Fitness Board took up Richards' application and, after a conference with him, decided that he should be certified for readmission. The Board filed its report along with the record of the proceedings so that the Court could make the final determination regarding Richards' certification of fitness as required by Part A, Section 10 (e) of the Rules Governing Admission to the Practice of Law in Georgia.

The record exhibits that Richards has shown extreme remorse for his actions, made restitution for his wrongdoing, and has volunteered extensively in his community. We are convinced of his candor, credibility, and

rehabilitation, and conclude that Richards has demonstrated by clear and convincing evidence that he is entitled to be certified as fit to practice law in Georgia. Richards has met all of the procedural requirements of Part A, Section 10 for approval of his application for certification of fitness. Accordingly, this Court hereby grants Richards' application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Richards may be reinstated as an attorney licensed to practice law in the State of Georgia.

Certification of fitness for readmission granted. All the Justices concur.

Decided January 20, 2015.

Reinstatement.

Sarah E. Lockwood, A. Leigh Burgess, for Office of Bar Admissions.

J. Antonio DelCampo, for Board to Determine Fitness of Bar Applicants.