CLARK, J.,
dissenting.
hi dissent and assign reasons, and additionally dissent for the reasons assigned by Justice Crichton.
This Court denied petitioner’s admission to the bar nearly two years ago. Then, the Court found that petitioner had “engaged in a pattern of conduct which is fundamentally inconsistent with a lawyer’s duties of truth and honesty.” This pattern of conduct included petitioner’s omitting a civil lawsuit from bankruptcy pleadings that she signed under penalty of perjury; giving false testimony under oath that all of her assets were listed in the bankruptcy petition; and, after having been granted a discharge in bankruptcy, agreeing to a settlement of the civil suit and then retaining the settlement funds for herself. This conduct constituted bankruptcy fraud and caused significant harm to petitioner’s creditors, as by the time the bankruptcy *754 trustee learned óf the settlement, petitioner had spent the money she received and the trustee had to abandon any claim on behalf of her creditors. These circumstances, the Court agreed, supported our conclusion that petitioner lacked the moral fitness for admission to the bar.
The burden of proving reform rests on the petitioner, and merely showing that she is now living and doing those things that she should have done throughout life does' not prove rehabilitation. Neither is the passage of time alone sufficient to demonstrate a change in circumstances. Based on the information containéd in her present filing, petitioner has made no showing of changed circumstances since this Court’s March 2012 action denying her admission. Her explanation of the | ^bankruptcy matter was considered in the earlier proceeding and thus cannot possibly represent “changed circumstances.” She contends that she obtained religious and financial counseling, but she provides no evidence of such. She also claims to have sought counsel with a bankruptcy attorney to “discover” if restitution was an “option,” but she failed to take this important step until eight years had passed from her discharge in bankruptcy and restitution through the bankruptcy court was no longer available. Finally, petitioner’s attendance at a seven-hour CLE course in 2013 contributes nothing to the consideration of her good moral character.
In In re: Jordan, 00-3006 (La.12/15/00), 775 So.2d 1065, this Court denied an application for admission on the ground that the applicant had failed to show any evidence of changed circumstances since her original application had been denied. A similar order would be appropriate here.
By admitting petitioner to the Louisiana Bar, the Court is lowering the standards demanded of members of the Bar.
CRICHTON, J.,
dissents.
| petitioner’s long record of deceitful and dishonest conduct was the basis for the denial of her application for admission to the bar in 2012. She now reapplies for admission — but in my view, she has made a woefully inadequate showing of any circumstances relevant to her good moral character having changed since the prior application was denied. Therefore, I would not consider her application. See In re: Jordan, 00-3006 (La.12/15/00), 775 So.2d 1065. Even if I were inclined to consider this new application, the burden of proving rehabilitation rests squarely on petitioner, and she has utterly failed to meet her burden;
Although this court has not squarely addressed rehabilitation’s exact meaning in the bar admission context,[1] I believe petitioner should demonstrate the following factors: candor and full disclosure to the Committee on Bar Admissions, a renunciation of her past misconduct, the absence of intervening misconduct, a particularly productive use of her time subsequent to the misconduct, affirmative recommendations from those who know of the misconduct, and restitution, if appropriate. I also believe the burden of proving rehabilitation should be raised in proportion to the seriousness of the conduct.
Applying this view to the instant case, I find that petitioner has provided little in the way of evidence supporting her claim that she is reformed. Instead, her application to this court consists mostly of argument unsupported by any evidence of positive action and good deeds. There is no *755 evidence that petitioner has made 12restitution to the victims of her past misconduct in an effort to atone for the harm she caused, nor is there any showing of civic, church, and charitable involvement. Petitioner has submitted no letters of support and recommendation from her employers, friends, and colleagues. On what basis are we to conclude that petitioner is worthy of the trust and confidence clients should expect of their attorneys — or what the public should expect of this noble profession?
On the meager showing made by petitioner, I would deny admission and therefore respectfully dissent.

. In fact, there is scant American jurisprudence on the subject of rehabilitation; however, for a discussion of the topic, see In re Application of Matthews, 94 N.J. 59, 462 A.2d 165 (N.J.1983), and In re Application of Cason, 249 Ga. 806, 294 S.E.2d 520 (Ga.1982).