307 Ga. 581
FINAL COPY

S19Z1567. IN THE MATTER OF SANDRA M. FULLER.

PER CURIAM.

This matter is before the Court on the Application for Certification of Fitness to Practice Law, pursuant to Part A, Section 10 of the Rules Governing Admission to Practice Law in Georgia (the "Rules"), submitted by Sandra M. Fuller. In 2011, Fuller voluntarily surrendered her license to practice law, which is tantamount to disbarment, after she was found guilty of nine felony counts of theft by conversion and sentenced under the First Offender Act. See Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct; see also Rule 1.0 (e). The convictions arose from Fuller's failure to remit fees she earned performing indigent defense work to the law firm with which she was employed at the time the fees were earned. See *Clarke v.*

*State*, 317 Ga. App. 471 (731 SE2d 100) (2012) (affirming convictions)[1].

On June 8, 2018, Fuller submitted the instant Application for Certification, in which she disclosed her prior convictions and noted that she has since been discharged under the First Offender Act. In support of her application, Fuller submitted a statement of rehabilitation in which she describes having recommitted herself to service following her disbarment through involvement in her church and through her work, first as a volunteer and then as a full-time paid consultant, with Conquer Worldwide, LLC, a ministry-based organization helping individuals build successful businesses. Fuller also notes her service with other organizations, as well as her receipt of various leadership and service awards over the past several years. In addition to her statement of rehabilitation, Fuller submitted letters of recommendation from eight individuals, including her current employer, current and past Conquer Worldwide clients, and

---

[1] Fuller was denominated in her appeal by her then-married name, "Clarke."

a member of the Georgia House of Representatives, attesting to Fuller's integrity, commitment, and talent.

Through its investigation, the Fitness Board determined that no grievances or other disciplinary matters against Fuller are pending before the State Bar and that all required restitution has been made to the Client Security Fund. At an informal conference convened before the Fitness Board, Fuller acknowledged and accepted responsibility for her past wrongdoing, expressed gratitude for the personal growth she has undergone in its aftermath, and described her desire to reestablish her standing as a productive member of the Bar. After considering Fuller's testimony and written submissions, the Fitness Board concluded that Fuller had, by clear and convincing evidence, carried her burden of demonstrating rehabilitation. See *In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982) (Bar admission applicant bears burden to establish rehabilitation by clear and convincing evidence).

Upon consideration of the entire record, we likewise conclude that Fuller has shown that she is entitled to be certified as fit to

3

practice law in Georgia. Accordingly, as it appears that Fuller has satisfied all requirements for approval of her application for certification of fitness, see Rules, Part A, Section 10, this Court hereby grants Fuller's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Fuller may be readmitted as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*

DECIDED DECEMBER 23, 2019.
Reinstatement.
*Heidi M. Faenza*, for Office of Bar Admissions.