310 Ga. 754
FINAL COPY

S21Z0449.  IN THE MATTER OF STEPHEN VINCENT
FITZGERALD, JR.

PER CURIAM.

This matter is before the Court on the Application for Certification of Fitness to Practice Law, pursuant to Part A, Section 10 of the Rules Governing Admission to the Practice of Law in Georgia (the "Rules"), submitted by Stephen Vincent Fitzgerald, Jr. Fitzgerald was originally admitted to the practice of law in 1998 but voluntarily surrendered his license to practice law in 2011 after admitting a failure to account for and distribute approximately $455,000 of funds belonging to third parties, in violation of the Georgia Rules of Professional Conduct 1.15 (I) and (II), found at Bar Rule 4-102 (d). See *In the Matter of Fitzgerald,* 289 Ga. 745 (715 SE2d 135) (2011). Fitzgerald now seeks readmission, and, following review of his application and his appearance at an informal conference, the Board to Determine Fitness of Bar Applicants (the "Fitness Board") voted to recommend granting Fitzgerald's

application. The application is now before this Court for final adjudication. See Bar Admission Rules, Part A, Section 10 (e) ("[t]he Supreme Court shall make the final determination regarding certification of fitness" of attorneys applying for readmission to the practice of law).

On December 4, 2019, Fitzgerald filed an Application for Certification of Fitness to Practice Law, in which he took responsibility for his actions; expressed remorse that his actions diminished the trust that the general public places in the legal profession; explained that the conduct that led to the voluntary surrender of his license was the result of a serious struggle with substance abuse; and described his efforts to become sober and maintain his sobriety. He detailed his now close relationship with his family; his current, stable employment; and his community service work. In addition to his statement of rehabilitation, Fitzgerald submitted letters of recommendation from several individuals, including attorneys and his therapist, all of whom attest

2

to Fitzgerald's integrity and empathy and to his potential to once again become a productive member of the Bar.

Through its investigation, the Fitness Board determined that no active grievances or other disciplinary matters against Fitzgerald are pending before the State Bar and that no restitution was required to be made to the Client Security Fund.[1] In addition, once notified of Fitzgerald's intent to seek readmission to the Bar, the Chief Judge of the Northeastern Judicial Circuit, where Fitzgerald primarily had practiced, indicated that she had spoken to other judges in the circuit and that they had no objection to Fitzgerald's readmission. Further, another judge in Hall County wrote separately about Fitzgerald's participation in the county's Drug

---

[1] Fitzgerald told the Fitness Board that his financial malfeasance harmed two victims, a title insurance company and a revocable trust. He reported that the title insurance company did not respond to his later inquiries and that he discharged that debt in bankruptcy. He reported that he did not discharge his debt to the trust and now makes monthly payments on it. He said he hoped to increase his payments if readmitted as a licensed attorney.

Court, reporting that he was convinced that Fitzgerald should be readmitted to the Bar.[2]

At an informal conference convened before the Fitness Board, Fitzgerald acknowledged that he left a "trail of destruction" in the wake of his addiction and misuse of trust accounts; described his efforts to remediate the harm his actions caused, detailing repayment efforts and community service; and reported on the various steps he has taken to maintain his sobriety since December 2011. After considering Fitzgerald's testimony and written submissions, the Fitness Board concluded that he had, by clear and convincing evidence, carried his burden of demonstrating rehabilitation. See *In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982) (bar admission applicant bears burden to establish rehabilitation by clear and convincing evidence).

Upon consideration of the entire record, we likewise conclude that Fitzgerald has shown that he is entitled to be certified as fit to

---

[2] Fitzgerald reports that he successfully completed the Drug Court program in 2013.

practice law in Georgia. Accordingly, as it appears that Fitzgerald has satisfied all of the requirements for approval of his application for certification of fitness, see Bar Admission Rules, Part A, Section 10, this Court hereby grants Fitzgerald's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Fitzgerald may be readmitted as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*

DECIDED FEBRUARY 1, 2021.
Certification of fitness to practice law.
*Heidi M. Faenza, Rebecca S. Mick, Russell D. Willard, Senior Assistant Attorney General, Elizabeth T. Young, Assistant Attorney General*, for Office of Bar Admissions.
*Gene Chapman*, for Fitzgerald.