312 Ga. 161
FINAL COPY

S21Z1090. IN THE MATTER OF JAMES ARCHIE BARNETT.

PER CURIAM.

This matter is before the Court on the Application for Certification of Fitness to Practice Law, pursuant to Part A, Section 10 of the Rules Governing Admission to Practice Law in Georgia (Readmission and Reinstatement), filed by James Archie Barnett. Barnett, who was originally admitted to the practice of law in Georgia in 1975, was disbarred in 1998 for four separate matters in which he was retained to represent clients but subsequently failed to communicate with them or to provide requested services, which conduct violated the then-applicable Standard 44 (willful abandonment or disregard of legal matters to client's detriment) of Bar Rule 4-102 (d). Barnett also failed to respond to disciplinary authorities, in violation of Standard 68. See *In the Matter of Barnett*, 269 Ga. 365 (496 SE2d 895) (1998). Prior to disbarment, Barnett had received a Review Panel reprimand and a formal letter of

admonition in 1995 for similar misconduct.

On July 5, 2018, Barnett filed his Application for Certification of Fitness to Practice Law. The Board to Determine Fitness of Bar Applicants (the "Fitness Board") notes that it took Barnett several years to complete his application, primarily because he did not comply with requests to provide documentation related to a 2005 DUI conviction until December 2020.[1] The Fitness Board also notes that in 2015, the State Bar received a complaint that Barnett was engaged in the unauthorized practice of law, but the State Bar's investigation of that complaint revealed that Barnett was erroneously listed on the Fulton County State Court's website, where he is currently employed in the clerk's office, as a "Staff Attorney"; the website was thereafter corrected, and the State Bar concluded that Barnett had not engaged in the unauthorized practice of law.

As part of Barnett's application, he filed a statement of

---

[1] Barnett acknowledges that he pleaded nolo contendere in that DUI case.

rehabilitation. In his statement, Barnett acknowledges and "accept[s] full responsibility" for his errors and misconduct that led to his disbarment, including the harm he caused to his clients and the court system; expresses remorse, stating that he is "truly sorry" for and "deeply regret[s]" his actions; describes his personal life, work experience, and community service since his disbarment; and states that he believes that he has been rehabilitated and now has the character and fitness to be readmitted to the Georgia Bar. More specifically, Barnett states that following his disbarment, he worked for several years in positions unrelated to the law. He married his wife in 1999. In 2003, the State Court of Fulton County hired Barnett as a pretrial interviewer, and in 2005, he became a case manager and clerk in that court — a position he still holds. He has also served in different capacities in the Adams Park Tennis Association, the United Liberian Relief Committee, and Higher Ground Empowerment Church. He also volunteered in a community project that aids marginalized and homeless men with labor skills, musical talent, and artistic ambitions. Barnett further explains the

circumstances of the conduct that led to his disbarment, acknowledging that procedures that he utilized during his law practice, as well as problems in his personal life, including a divorce and financial hardship, led to difficulties, including instances in which he "was retained to represent a client but subsequently failed to communicate with the client and . . . provide the requested service." Barnett also provided numerous letters in support of his application commending him on his community service work, integrity, and candor regarding the circumstances surrounding his disbarment. Those letters include letters from judges on the United States District Court for the Northern District of Georgia, the Municipal Court for the Circuit of Atlanta, and the Magistrate Court of Fulton County.

The Fitness Board provided notice to the State Bar of Georgia and to the bar membership and chief judge of the Atlanta Judicial Circuit; provided newspaper notice to the public in the area where Barnett had practiced; and sought confirmation from the Client Security Fund that no restitution was due. See Part A, Section 10

4

(d) (1)-(4) of the Rules. The State Bar responded that there were no open matters pending against Barnett, that there were no grievances or complaints pending against him at the time of his disbarment, and that no post-disbarment grievances had been filed against him. The State Bar further stated that it had no information regarding Barnett's reputation in the Georgia legal community and no knowledge of his conduct following his disbarment. A response was also received from a senior judge of the Atlanta Judicial Circuit supporting Barnett's application and stating that the judge recommends "without reservation" that Barnett "be reinstated in the State Bar of Georgia." The Client Security Fund responded that it paid no monies on claims filed against Barnett and that he owed no restitution.

After considering the matter at its meeting on April 8, 2021, the Fitness Board unanimously voted to recommend certification of fitness to Barnett for readmission, and issued its report making that recommendation on May 20, 2021. On May 21, 2021, the Fitness Board filed its report and the record with this Court so that we could

5

make the final determination regarding Barnett's certification of fitness as required by Part A, Section 10 (e) of the Rules.

Based on the record in this case, we conclude that Barnett has demonstrated by clear and convincing evidence that he is entitled to be certified as fit to practice law in Georgia, see *In re Cason*, 249 Ga. 806, 808 (294 SE2d 520) (1982), and we therefore agree with the Fitness Board's recommendation. Further, it appears that Barnett has met the procedural requirements of Part A, Section 10 for approval of his application for certification of fitness. Accordingly, this Court hereby grants Barnett's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Barnett may be reinstated as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. Nahmias, C. J., Boggs, P. J., and Peterson, Warren, Bethel, Ellington, McMillian, and LaGrua, JJ., concur.*

Decided July 7, 2021.

Certification of fitness to practice law.

*John A. Earles*, *Rebecca S. Mick,* for Office of Bar Admissions.

*Christopher M. Carr, Attorney General, Russell D. Willard, Senior Assistant Attorney General*, for Board to Determine Fitness of Bar Applicants.