**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: September 6, 2023

S23Z1032.  IN THE MATTER OF SAMUEL ELIAS SKELTON.

PER CURIAM.

This matter is before the Court on the Application for Certification of Fitness to Practice Law pursuant to Part A, Section 10 of the Rules Governing Admission to the Practice of Law in Georgia (the "Rules"), submitted by Samuel Elias Skelton. Skelton was originally admitted to the practice of law in 2009 but voluntarily surrendered his license to practice law in 2017 after pleading guilty under the First Offender Act, see OCGA § 42-8-60, to 21 counts of theft by taking, in violation of the Georgia Rules of Professional Conduct 8.4 (a) (2), found at Bar Rule 4-102 (d). See *In the Matter of Skelton*, 300 Ga. 866 (800 SE2d 514) (2017). Skelton successfully completed his sentence, and the trial court entered an order of discharge in December 2021. Skelton asserts that his guilty plea was

related to his struggles with mental health and addiction, and he maintains that he has been rehabilitated and now seeks readmission. Following review of his application and his appearance at an informal conference, the Board to Determine Fitness of Bar Applicants (the "Fitness Board") voted to recommend granting Skelton's application. The application is now before this Court for final adjudication. See Bar Admission Rules, Part A, Section 10 (e) ("[t]he Supreme Court shall make the final determination regarding certification of fitness" of attorneys applying for readmission to the practice of law).

On July 13, 2022, Skelton filed his application, in which he accepted responsibility for his actions; explained that the conduct that led to the voluntary surrender of his license was the result of a serious struggle with mental health and substance abuse; and described his efforts to improve his mental health and to become sober and maintain his sobriety. He detailed his close relationship with his wife and three young children; his current, stable employment; and his community service work, including his work

2

with the Georgia Bar Association Committee on Attorney Wellness, Celebrate Recovery, and the Hart Youth Development Resource Association (the "Association"). As part of Skelton's work with the Committee on Attorney Wellness, he published wellness articles in the Georgia Bar Journal, including one which detailed how Skelton's struggles with his mental health and addiction led to losing his bar license and incarceration and what members of the Bar can do to help friends and colleagues with similar struggles. Skelton also submitted 40 letters of recommendation from lawyers—including from former and current colleagues and employers, former opposing counsels, a county solicitor general, a retired judge, and lawyers who have struggled with mental health and addiction—and non-lawyers who know Skelton through his work with the Committee on Attorney Wellness, Celebrate Recovery, and the Association, all of whom attest to Skelton's potential to once again become a productive member of the Bar and many of whom attest to Skelton's work to help lawyers and others who have struggled with addiction to achieve and maintain their own sobriety.

Through its investigation, the Fitness Board determined that no active grievances or other disciplinary matters against Skelton are pending before the Bar and that no restitution was required to be made to the Client Security Fund. At an informal conference convened before the Fitness Board, Skelton took full responsibility for his actions and made no excuses; expressed remorse for his actions; described his descent into addiction and the cycle of destructive behavior that led to his incarceration; and described in detail his path to recovery and maintaining his sobriety following his incarceration. After considering Skelton's testimony and written submissions, the Fitness Board concluded that he had, by clear and convincing evidence, carried his burden of demonstrating rehabilitation and recommended that he be readmitted to the Bar. See *In the Matter of Cason*, 249 Ga. 806, 808-809 (294 SE2d 520) (1982) (bar admission applicant bears burden to establish rehabilitation by clear and convincing evidence, and "rehabilitation is the reestablishment of the reputation of a person by his or her restoration to a useful and constructive place in society," including

4

"[t]he requirement of positive action").

Upon consideration of the entire record, we likewise conclude that Skelton has shown that he is entitled to be certified as fit to practice law in Georgia. Accordingly, as it appears that Skelton has satisfied all of the requirements for approval of his application for certification of fitness, see Bar Admission Rules, Part A, Section 10, this Court hereby grants Skelton's application for certification of fitness and orders that, upon satisfaction of all the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Skelton may be readmitted as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*