NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: July 2, 2024

S24Z0940. IN THE MATTER OF CHRISTOPHER MICHAEL HOWLETTE.

PER CURIAM.

This matter is before the Court on Christopher Michael Howlette's Application for Certification of Fitness to Practice Law pursuant to Part A, Section 10 of the Rules Governing Admission to the Practice of Law in Georgia (the "Rules"). Howlette was originally admitted to the Bar in 1998 and worked at the Clayton County District Attorney's Office from 1998-2000, the Fulton County District Attorney's Office from 2000-2001, and Shivers & Associates from 2001-2007. He has worked as a paralegal at Bush & Miller, P.C. since 2008, and the record shows that his current employer has been satisfied with his performance and would recommend him for a position of trust.

In 2008, this Court accepted Howlette's petition for voluntary surrender of license, which he filed pursuant to Bar Rule 4-227 (b) prior to the issuance of a formal complaint. *In the Matter of Howlette*, 283 Ga. 83 (656 SE2d 534) (2008). In the opinion accepting Howlette's voluntary surrender of his law license, this Court noted that Howlette was scheduled to plead guilty to the sale of cocaine, the sale of MDMA, and the sale of ketamine, and the resulting convictions would constitute felonies and violations of Rule 8.4 of Bar Rule 4-102 (d). Id. at 83. The voluntary surrender of Howlette's license was tantamount to disbarment. Id. Howlette was sentenced under the First Offender Act and subsequently completed all requirements of his probation and was discharged without an adjudication of guilt on May 23, 2016.

Asserting that he has not used illegal drugs since 2007 and that he has been rehabilitated, Howlette seeks readmission to the State Bar of Georgia. Following review of his application and his appearance at an informal conference, the Board to Determine Fitness of Bar Applicants (the "Fitness Board") voted to recommend granting Howlette's application. The application is now before this Court for

final adjudication. See Bar Admission Rules, Part A, Section 10 (e) ("The Supreme Court shall make the final determination regarding certification of fitness" of attorneys applying for readmission to the practice of law).

In connection with his application for readmission, Howlette filed a Statement of Use, wherein he states that he was introduced to cocaine in late 2003 or early 2004 which eventually turned into a dependency upon the drug. However, he states that he sought help from professionals and has not used drugs since 2007 and that his "past experiences have helped [him] grow and mature, leading [him] to a point where [he] can confidently affirm [his] commitment to responsible behavior." Howlette also filed a Statement of Rehabilitation, in accordance with *In re Cason*, 249 Ga. 806 (294 SE2d 520) (1982), wherein he acknowledged that he "made choices and engaged in behaviors that were contrary to the values and principles of the legal profession" which led to his arrest and disbarment. Howlette states that he has since "undertaken a journey of self-improvement and personal growth with a strong focus on

3

rehabilitation." Howlette further states that he has been honest with his family about his prior drug use; continued his studies of legal ethics and professionalism; joined the finance committee and annual retreats of his church; started a non-profit soccer organization with volunteer coaches and coached soccer at South Fulton Middle School for several years; worked with the Rena Carter Foundation (to disrupt generational poverty); volunteered with several food banks; and is currently a board member of the KapEx Foundation, which is a nonprofit organization that raises money for college scholarships and promotes diversity and entrepreneurship. Howlette has also prioritized his mental health by seeking counseling from his Narcotics Anonymous sponsor, his church clergy, and a life coach to address the issues that contributed to his past behavior and addiction.

Additionally, in connection with his application, Howlette submitted letters of recommendation from his life coach and two attorneys, one of which is his current supervisor. Each "wholeheartedly" endorses Howlette's readmission to the Bar. His life coach states that she has witnessed his "remarkable transformation

and unwavering commitment to personal growth, recovery, and community service" since 2008. His supervisor notes that Howlette is a man with "impeccable character and moral standing in our community" who has "dedicated countless hours to community service, non-profit organizations[,] and volunteer activities." She further states that Howlette "has demonstrated a level of personal growth, responsibility, and dedication that would make him a valuable asset to the legal profession." A separate attorney attests to Howlette's "unwavering commitment to the legal profession and his dedication to personal growth and rehabilitation."

As part of its investigation the Fitness Board provided notice and an opportunity for the State Bar to present relevant information; provided notice to the bar membership and Chief Judges where Howlette had practiced; provided newspaper notice to the public in the area where Howlette had practiced; and sought confirmation from the Client Security Fund that no restitution was due. See Part A, Section 10 (d) (1)-(4) of the Rules. The Fitness Board received no responses to the notices filed in the Daily Report and no responses from the Clayton

or Atlanta Bar Associations or the Chief Judges of the Atlanta or Clayton Judicial Circuits. The State Bar responded that there were no grievances pending against Howlette at the time of his disbarment and that the State Bar had no information regarding Howlette's reputation in the Georgia legal community and no knowledge of his conduct following his disbarment. The Client Security Fund responded that Howlette owed it no restitution.

The Fitness Board requested Howlette to submit to a random drug test, which he passed. After receiving the negative drug test from Howlette, the Fitness Board held an informal conference with him where he took full responsibility for his past conduct and described his journey in overcoming his addiction and in reestablishing himself in the community and as a responsible employee and father. After considering Howlette's testimony and written submissions, the Fitness Board concluded that he had, by clear and convincing evidence, carried his burden of demonstrating rehabilitation and recommended granting certification of fitness to Howlette for readmission. See *Cason*, 249 Ga. at 808-809 (bar admission applicant

6

bears burden to establish rehabilitation by clear and convincing evidence, and "rehabilitation is the reestablishment of the reputation of a person by his or her restoration to a useful and constructive place in society," including "[t]he requirement of positive action").

Upon consideration of the entire record, we agree that Howlette has shown that he is entitled to be certified as fit to practice law in Georgia. Accordingly, as it appears that Howlette has satisfied all of the requirements for approval of his application for certification of fitness, see Bar Admission Rules, Part A, Section 10, this Court hereby grants Howlette's application for certification of fitness and orders that, upon satisfaction of all of the requirements of Part B of the Rules, including taking and passing the Georgia Bar Examination, Howlette may be readmitted as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*